19646

J. C. LONG, Individually and on behalf of all other taxpayers of Charleston County, similarly situated, Appellant, v. John G. SEABROOK et al., Respondents.

(197 S. E. (2d) 659)

*Messrs. Bailey & Buckley, Charles S. Way, Jr., Lawrence E. Richter, Jr.,* and *John P. Bryan, Jr.,* of Charleston, *for Appellants,*

*Messrs. Stoney & Stoney, James A. Stuckey, Jr.,* and *Buist, Moore, Smythe & McGee,* of Charleston and *Daniel R. McLeod, Atty. Gen.,* and *G. Lewis Argoe, Jr., Asst. Atty. Gen.,* of Columbia, *for Respondents,*

*Messrs. Bailey & Buckley, Charles S. Way, Jr., Lawrence E. Richter, Jr.,* and *John P. Bryan, Jr.,* of Charleston, *for Appellants,* in Reply.

June 26, 1973.

*Per Curiam:*

This action was brought by the plaintiff J. C. Long, individually as a taxpayer of Charleston County, and "as agent for his wife and other relatives, as fiduciary for others, and as an officer and/or stockholder of various corporations", and "on behalf of . . . all other taxpayers of Charleston County". The defendants are members of the Charleston County Board of Tax Assessment Control, the Tax Assessor for Charleston County, and the Auditor of Charleston County.

The complaint seeks: (1) relief in equity, and (2) damages in tort.

By way of equitable relief, the complaint seeks an order of the court of common pleas requiring the defendants to provide the plaintiff: (1) a copy of the tax assessment rolls of Charleston County, (2) the minutes of the meetings of the Board of Assessment Control, (3) all of the records relating to the plaintiff's properties, (4) the names of the appraisers making the appraisals of the plaintiff's properties, and (5) a directive allowing the plaintiff to appeal the assessment of his properties.

By way of legal relief in the *tort* claim, plaintiff seeks a judgment jointly and severally against the board members "individually and constituting the Charleston County Board of Assessment Control," and against Robert W. Ragin individually and as Tax Assessor, in the Sum of One Hundred Thousand Dollars, actual and punitive damages.

It appears that Charleston County has undertaken to reassess all of its properties for *ad valorem* taxing purposes and, incident thereto, new appraisals and assessments have been made of its many parcels of real estate, of which, the complaint, alleges about 800 are owned by plaintiff J. C. Long, members of his family, and corporations in which he has an interest. The reassessment program was authorized by South Carolina Code of Laws § 65-3405 *et seq.* (Supp. 1971). It is alleged that he sought certain information from the defendants in order to enable him to compare the assessment of properties in which he had an interest with that of other similar properties; that the defendants refused to divulge some information; and that the defendants refused unlimited access to the records. It is further alleged that the plaintiff offered to duplicate the computer assessment rolls which he wanted at his own expense; that defendants refused to allow plaintiff duplicate rolls, but allowed the records to be hand copied; that plaintiff was informed by the board that he had the finances and therefore he could have his own employees hand copy the assessment rolls; and that at a meeting with the board, it refused to reconsider its position of not allowing plaintiff to obtain duplicate computer copies of the records. The complaint alleges that the conduct of the defendants was malicious, illegal, willful and in bad faith; this is the basis for the tort portion of the suit demanding actual and punitive damages.

To the complaint, the defendants interposed a demurrer. That demurrer has not been heard and is still pending in the court below.

The defendants also moved to strike many portions of the complaint, including the prayer for monetary judgment,

mostly on the ground that the allegations stated conclusions of law. The motion to strike was an attack on the tort action and was treated by the trial judge as though it were a demurrer to the tort action only. The judge, in his order made two basic rulings relating to the tort action. He held that the plaintiff could not maintain a suit for damages in tort on behalf of other taxpayers of Charleston County, as a class action, on the facts alleged; and held that "there are no specific facts stated in the complaint upon which a cause of action for damages can be sustained."

Counsel for the defendants concede in their brief that the equity issues are still pending and that the class action with respect to the equity issues has not been stricken. Counsel further states in the brief, "[T]he Court below and counsel for respondents have recognized that J. C. Long, as plaintiff, used in the singular, is acting for and with respect to some 800 or more parcels of land that he owns or controls, or that are owned by members of his family, or by corporations that he owns or controls."

The order before us on appeal specifically states: "This Order is therefore directed only to the cause of action and prayer for judgment for damages, actual and punitive, against the defendants heretofore named."

It is noteworthy that essentially all of the equitable relief sought in the complaint has been granted by the court in an interim order "for the purpose of discovery only and is not an adjudication of this case on the merits. . . ."

In this appeal, plaintiff interposes two exceptions as follows:

"1. The Court of Common Pleas erred in holding that J. C. Long could not sue in behalf of all other taxpayers similarly situated in this suit.

"2. The Court erred in holding that Long had stated no cause of action against the Defendants."

We are of the opinion that the lower court properly held, under the facts pleaded, that a tort class action was not maintainable.

This Court has held that *in tort* actions it is improper for several plaintiffs to sue jointly unless they have suffered joint injuries resulting in damages *in solido*. *Hellams v. Switzer,* 24 S. C. 39 (1885); *Ryder v. Jefferson Hotel Co.,* 121 S. C. 72, 113 S. E. 474 (1922).

It is apparent that the alleged injuries to the taxpayers were several not joint. Any damages alleged would necessarily be different.

The second question is whether the facts properly pleaded state any cause of action for monetary damages against defendants in behalf of plaintiff Long.

The duties of public officials are in general classified as ministerial and discretionary. They are also referred to as being ministerial and *quasi*-judicial. The character of an official's public duties is determined by the nature of the act performed. The duty is ministerial when it is absolute, certain, and imperative, involving merely execution of a specific duty arising from fixed and designated facts. *Quasi*-judicial duties are such as necessarily require the exercise of reason in the adaptation of means to an end, and discretion in determining how or whether the act shall be done or the course pursued. *Parker v. Brown,* 195 S. C. 35, 10 S. E. (2d) 625 (1940); *Dunbar v. Fant,* 170 S. C. 414, 170 S. E. 460 (1933). The failure of a public official to comply with the laws governing and regulating his powers and duties may give rise to liability. Plaintiff argues that the duties, relating to the reassessment and equalization program, of the members of the Board of Assessment Control, of the Tax Assessor, and of the Auditor were ministerial. We hold, however that the duty of providing information to taxpayers is not described and defined by law with such precision as to leave nothing to the exercise of discretion. The duties growing out of the tax assessment program and its management involved a degree of judgment or discretion.

The records involved were public records and there is no serious contention that access to the records was denied. We rather think that the basic differences

involved in this litigation arose out of a disagreement as to how the board supplied information to which the taxpayer was entitled. The defendants had a duty to make the records available and, in one sense of the word, it was ministerial duty. The method by which the duty was performed and how the record should be made available involved a matter of discretion and hence can be said to be *quasi*-judicial. In a tort suit against a public official whose duties are discretionary, it must be shown that in the performance or non-performance of those duties the public official was guilty of corruption, or bad faith, or influenced by malicious motives, before a recovery can be had. *Dunbar v. Fant, supra.*

Demurrers to a complaint admit facts alleged therein, but do not admit inferences drawn by plaintiff from such facts, and it is for the court to determine as to whether or not such inferences are justifiable. *Oliverous v. Henderson,* 116 S. C. 77, 106 S. E. 855 (1921) ; *Travelers Ins. Co. v. Allstate Ins. Co.,* 249 S. C. 592, 155 S. E. (2d) 591 (1967) ; cases collected under 15 South Carolina Digest, Pleadings, § 214(4) (1952, Supp. 1972).

This Court has held on many occasions that facts reasonably supporting an inference of malicious, wrongful, illegal, and bad faith conduct must be pleaded before a cause of action requiring such a degree of misconduct can be maintained. *Edgefield County v. Georgia-Carolina Power Co.,* 104 S. C. 311, 88 S. E. 801 (1916) ; *Smith v. Ashmore,* 184 S. C. 316, 192 S. E. 565 (1937) ; *McLeod v. Southern Ry. Co.,* 188 S. C. 14, 198 S. E. 425 (1938).

We are of the opinion that none of the hereinabove pleaded facts warrants an inference as to malicious, wrongful, illegal, and bad faith conduct. Therefore, the complaint was properly dismissed as failing to state a cause of action against the defendants on behalf of plaintiff Long.

Affirmed.

BUSSEY, J., concurs in result.