21659

Linwood HANNA, Appellant, v. Donald T. McCAIN, Respondent.
(288 S. E. (2d) 810)

E. LeRoy Nettles, of Nettles, Turbeville & Reddeck, Lake City, and E. Delance Poston, Johnsonville, for appellant.

Peter D. Hyman, of Hyman, Morgan, Brown, Jeffords & Rushton, Florence, and Betty J. Gambrell, Columbia, for respondent.

March 3, 1982.

NESS, Justice:

Appellant Hanna appeals an order granting summary judgment to respondent McCain. Hanna asserts the trial court

erred in holding McCain not liable under the doctrine of sovereign immunity. We agree and reverse.

Hanna sued McCain personally for damage to his crops which occurred when McCain's work crew scraped a dirt road on Hanna's property. Although Hanna had allowed the county to plow the road from 1961 to 1979 they had no written easement or any prescriptive right-of-way. Hanna had notified the county prior to this time to refrain from scraping his property.

The facts are undisputed concerning McCain's entry of the premises and destruction of the corn crop. McCain claims that as director of public works for Florence he was acting in his official capacity and under county council's instructions when he entered Hanna's property and destroyed the crop.

Hanna alleges his case is against McCain personally and not in his official capacity as director of public works. The trial judge held this to be an action against the County of Florence and granted summary judgment.

This Court has refused to accept attempts by plaintiffs to circumvent the doctrine by suits against a party other than the county. *Boyce v. Lancaster County Natural Gas Authority*, 266 S. C. 398, 223 S. E. (2d) 769 (1976). In *Boyce*, however, the plaintiff sued the Lancaster County Natural Gas Authority, a statutorily created political subdivision of the State. It was this status as a political subdivision that was the basis for the court holding the defendant a quasi municipal corporation and as such immune to an action ex delicto under the sovereign immunity doctrine. The present action is not one against any political subdivision of the State.

Here there is evidence that McCain was acting without the sovereign's authorization when he entered the land and destroyed the crop. Under those circumstances he would be personally liable, *Long v. Seabrook*, 260 S. C. 562, 197 S. E. (2d) 659 (1973), as an agent's liability for his own tortious acts in unaffected by any agency relationship. *Gilbert v. Mid-South Machinery Company, Inc.*, 267 S. C. 211, 227 S. E. (2d) 189 (1976); 15 S. C. Law Review 30 (1962).

The complaint does not allege McCain was director of public works. This capacity is raised in his answer. Certainly, any judgment obtained under these pleadings could not be enforced against the State or the County of Florence. We hold the action to be against McCain personally and not against the sovereign.

The order of the lower court is reversed and the case remanded for trial on the merits.

Reversed and remanded.

LEWIS, C. J., and LITTLEJOHN and GREGORY, JJ., concur.

HARWELL, J., not participating.