0274

Hosea MILLIGAN, Appellant, v. SOUTH CAROLINA DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTATION, McRaney Fulmer, Gerald L. Shealy, and Wiley W. McMillan, Respondents. CAROLEAS-ING, INC., Appellant, v. SOUTH CAROLINA DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTATION, McRaney Fulmer, Gerald L. Shealy, and Wiley N. McMillan, Respondents. CAROLINA FREIGHT CARRIERS, Appellant, v. SOUTH CAROLINA DEPART-MENT OF HIGHWAYS AND PUBLIC TRANSPORTATION, McRaney Fulmer, Gerald L. Shealy, and Wiley N. McMillan, Respondents. Wallace TALLENT, Jr., Appellant, v. McRaney FULMER, Gerald L. Shealy, and Wiley N. McMillan, Respondents.

320 S. E. (2d) 505

Court of Appeals

*William C. Cleveland,* of *McKay & Guerard, P. A.,* Columbia, *for appellants.*

*F. Earl Ellis, Ernest J. Nauful, Jr.,* and *William H. Davidson, III,* of *Nauful & Ellis,* and *Asst. Atty. Gen. M. Richbourg Roberson,* Columbia, *for respondents.*

*Atty. Gen. T. Travis Medlock, Retired Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Richard D. Bybee* and *Staff Atty. Bristow Marchant,* Columbia, *amicus curiae.*

Heard July 30, 1984.

Decided Sept. 17, 1984.

CURETON, Justice:

The appellants, Milligan, Tallent, CaroLeasing, Inc. and Carolina Freight Carriers, each, brought separate suits against the respondents, South Carolina Department of Highways and Public Transportation and three of its employees, for damages for alleged negligent maintenance of a highway. The circuit court granted summary judgment for the Highway Department on Tallent's action and for the three individual respondents on the suits of each of the appellants. The cases were consolidated for the purposes of appeal. We affirm the judgments of the circuit court.

These four suits arise out of two separate accidents that occurred on Highway 321. On Novemter 27, 1978, the driver of a Carolina Freight Carrier tractor-trailer lost control of his vehicle which left the highway and crashed. On December 4, 1978, Milligan, the driver of Tallent's tractor-trailer, experienced a similar mishap at the same location while carrying the freight of CaroLeasing, Inc.

Pursuant to S. C. Code Ann. Section 57-5-1810 (1976)[1] and 57-5-1820,[2] Milligan, CaroLeasing and Carolina Freight perfected their claims against the Highway Department. Tallent mailed his claim to the Department on June 4, 1979. It was received the next day. All the claims were denied by the Highway Department.

After the commencement of the actions before us, the Highway Department moved for summary judgment against Tallent on the ground that Tallent had failed to file a verified claim with the Highway Department within 180 days of the date of the accident. The three individual respondents moved for summary judgment against each of the appellants on the

---

[1] "Any person who may suffer injury to his person or damage to his property by reason of ... (b) the negligent repair of any State highway may bring suit against the Department for the actual amount of such injury or damage, not to exceed in case of property damage the sum of three thousand dollars and in the case of personal injury or death the sum of eight thousand dollars...."

[2] "A claim ... must be made out, sworn to and filed with the Department within one hundred and eighty days after the alleged injury or damage occurred. Suit, if any, must be commenced ... within twelve months from the date of the injury or damage...."

ground that the respondents were acting in their representative and official capacities and therefore could not be held liable for the alleged negligence.

The circuit court construed the requirement of Section 57-5-1820 that the claim be "filed" within 180 days of the date of the accident to mean that the claim must have been received within that time. It therefore granted the Highway Department's motion for summary judgment against Tallent upon undisputed facts showing that the claim was mailed on the 182nd day and received on the 183rd day following the accident. The court also granted summary judgment for the three individual respondents on the ground that the allegations of the complaints establish that the respondents acted wthin the scope of their employment as agents of the Highway Department and thus were immune from liability for any negligence.

Appellant Tallent contends the court erred in finding that he failed to file his claim within 180 days after he sustained damage to his tractor-trailer. He argues first that mailing the claim on the 182 day was timely because S. C. Code Ann. Section 15-1-20 (Supp. 1983) provides that when computing the time within which an act is to be done, if the last day of the period is a Saturday or a Sunday, as it was in this case, the period is extended to the next week day. Second, Tallent argues that mailing the claim constituted "filing" for purposes of Section 57-5-1820.

We need not determine whether mailing the claim, as Tallent argues, or its actual receipt by the Department, as the trial court found, constitutes "filing" for the purposes of the statute. We note that the provisions of Section 15-1-20 that were in effect during the time Tallent was required to file his claim provided only for the exclusion of a Sunday if it were the last day of the period within which the act was to be done. S. C. Code Ann. Section 15-1-20 (1976). The amendment of Section 15-1-20 which provides for the exclusion of Saturday as well as Sunday became effective February 13, 1980, long after the expiration of the period within which Tallent's claim should have been filed.

According to the record, the 180th day following Tallent's property damage fell on a Saturday. Whether filing could properly be accomplished by mailing the claim or only upon

its actual receipt, it is undisputed that neither of these acts occurred on the 180th day. Therefore, we affirm the grant of summary judgment for the Highway Department on Tallent's action. *See Hazard v. South Carolina State Highway Department*, 264 S. C. 386, 215 S. E. (2d) 438 (1975) (there must be full compliance with statutory provisions for suit against the State).

All appellants contend the court erred in granting the individual respondents' motions for summary judgment because public employees may be held personally liable for failure to perform both ministerial and discretionary duties.

In *Long v. Seabrook*, 260 S. C. 562, 197 S. E. (2d) 659 (1973), our Supreme Court had occasion to address in some detail the extent of a public employee's personal liability for torts committed in the performance of his duties. *Long* clearly establishes that sovereign immunity does not shield a public employee or official from liability for ministerial acts performed contrary to the laws regulating his powers and duties or for discretionary acts performed maliciously, corruptly or in bad faith. *Id.* at 568, 197 S. E. (2d) 659; *Hanna v. McCain*, 277 S. C. 419, 288 S. E. (2d) 810 (1982).

Where a suit seeks to hold a public employee liable for negligence or misconduct in his individual rather than his representative capacity, however, the pleading should clearly specify that the employee is sued individually. *Hanna v. McCain, supra; Long v. Seabrook, supra;* 67 C.J.S. *Officers & Public Employees* Section 253 (1978).

Moreover, in a suit seeking the imposition of personal liability upon a public employee, the complaint must set forth facts reasonably supporting an inference of the employee's failure to comply with laws establishing the ministerial duty or misconduct in the performance of discretionary duties. *Long v. Seabrook*, 260 S. C. at 569, 197 S. E. (2d) 659; *Smith v. State*, 289 N. C. 303, 222 S. E. (2d) 412 (1976); 67 C.J.S. *Officers & Public Employees* Section 253 (1978).

The complaints in these cases all allege in pertinent part that "the Defendants [Fulmer, Chief Maintenance Engineer, Shealy, Resident Maintenance Engineer, McMillan, Foreman and the Highway Department] were responsible for properly inspecting and maintaining the highways" and that "[they] were negligent, wilful and reckless" in

failing to do so. The complaints neither allege that the individual respondents are sued in their individual capacities nor set out facts that support an inference that the individual respondents failed to carry out ministerial duties lawfully assigned to each of them. On the record, we hold that summary judgment was properly entered in favor of the individual respondents since they were sued in their representative capacities.

Having reviewed the errors assigned and finding them without merit, the judgment of the circuit court is

Affirmed.

SANDERS, C. J., and GARDNER, J., concur.