**George McINTYRE, Appellant,**

v.

**Willie PORTEE, Warden of Walden; Dorothy Dantzler, Supvr. Walden; Kenny Davis, Officer at Walden, Kenny Elliot, Officer at Watkins; Baker (first name unknown), Officer at Walden Corr. Inst.; J.D. Spiegner, Warden at Watkins Pre-Release Ctr., Appellees.**

No. 82–6158.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 8, 1986.

Decided Feb. 27, 1986.

Henry E. Grimball (Thomas J. Keaveny, II, Charleston, S.C., on brief), for appellant.

Larry C. Batson, Enoree, S.C. (Robert E. Peterson, S.C. Dept. of Corrections, on brief), for appellees.

Before WINTER, Chief Judge and SPROUSE and CHAPMAN, Circuit Judges.

SPROUSE, Circuit Judge:

George McIntyre, a South Carolina prisoner, brought this 42 U.S.C. § 1983 (1982) action, alleging negligent loss of his personal property. He sought damages and named various employees of the South Carolina Department of Corrections as defendants. The district court granted the defendants' motion for summary judgment and McIntyre appeals. We affirm.

In October 1980, McIntyre was involved in an altercation with another inmate at the Walden Correctional Institution. Pending the resolution of the resulting disciplinary charges, McIntyre was temporarily transferred to Watkins Prerelease Center. Before McIntyre left Walden, corrections officials seized and inventoried his personal property. He signed a statement that the inventory was correct. The prison officials then sealed the box containing McIntyre's property and placed it in storage. A few weeks later, McIntyre was permanently transferred to the Central Correctional Institution and was driven to Walden to pick up his possessions. According to McIntyre, he noticed that the seal on the box was broken and asked if all his property was still in the box. After being told that all his property was there, McIntyre signed an inventory form. Upon a later examination of the box's contents, however, McIntyre discovered that many items were missing, including a cassette deck and tapes and a set of drafting tools. McIntyre attempted to secure redress through Department of Corrections administrative procedures, but his claim was denied.

Following the administrative denial, McIntyre brought this § 1983 action in the district court. After cross-motions for summary judgment were filed, the case was referred to a magistrate. Finding no violation of McIntyre's constitutional rights, the magistrate recommended granting summary judgment in favor of the defendants. McIntyre filed objections to portions of the magistrate's report, but, after a review of the record, the district court adopted the magistrate's report and granted the defendants' motion for summary judgment.

Even at the time of the district court's actions, McIntyre would not have been entitled to maintain a § 1983 action, because there would have been no due process violation. He could have instituted a civil action in the state courts for the recovery of his personal property under section 15–69–10 *et seq.* of the South Carolina Code. Such an action would have provided a post-deprivation remedy sufficient to satisfy due process requirements. *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *overruled on other grounds, Daniels v. Williams,* —— U.S. ——, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). Contrary to McIntyre's assertion, any recovery would not have been barred by the doctrine of sovereign immunity. State officials are not immune from liability for ministerial acts performed contrary to their duties. *Long v. Seabrook,* 260 S.C. 562, 197 S.E.2d 659 (1973); *Milligan v. South Carolina Department of Highways,* 283 S.C. 59, 320 S.E.2d 505 (S.C.App.1984). The correctional officers' acts relating to McIntyre's possessions were purely ministerial. McIntyre does not allege any specific facts which would support an inference that the defendants failed to carry out their assigned duties.

The Supreme Court in *Daniels v. Williams,* —— U.S. ——, 106 S.Ct. 662, has now, however, rendered the *Parratt* issue academic. It held that "the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty or property." *Id.,* —— U.S. at ——, 106 S.Ct. at 663. McIntyre alleges nothing more than negligence on the part of the corrections officials resulting in an unintended loss of his personal property. Thus, McIntyre was not "deprived" of any right in the constitutional sense.

In view of the above, and finding no merit in McIntyre's other arguments, the judgment of the district court is affirmed.

AFFIRMED.