644 S.E.2d 58

**CONNOR HOLDINGS, LLC and MAL
Entertainment, Inc., Appellants,**

v.

**Charles COUSINS, in his capacity as Director of Planning
of the Town of Hilton Head Island, and Island
Cabaret, Inc., Respondents.**

**No. 26307.**

Supreme Court of South Carolina.

Heard March 8, 2007.

Decided April 9, 2007.

82

John P. Seibels, Jr., of Seibels Law Firm, P.A., of Charleston, for Appellants.

Gregory M. Alford, of Alford Wilkins & Strickroth, P.C., of Hilton Head Island, for Respondent Charles Cousins.

Bert G. Utsey, III, and Grahame E. Holmes, both of Peters, Murdaugh, Parker, Eltzroth and Detrick, P.A. of Walterboro, for Respondent Island Cabaret, Inc.

Justice BURNETT.

Connor Holdings, LLC and MAL Entertainment, Inc. (collectively Appellants) appeal the dismissal of their action against Charles Cousins, in his capacity as Director of Planning of the Town of Hilton Head Island, and Island Cabaret, Inc. We certified the appeal from the Court of Appeals pursuant to Rule 204(b), SCACR, and we affirm.

## FACTUAL/PROCEDURAL BACKGROUND

Connor Holdings currently owns a commercial building located at # 1 Dunnagan's Alley in the Town of Hilton Head Island (Town). Connor Holdings leases the building to MAL Entertainment, which operates an adult entertainment business. In August and September 2002, MAL Entertainment filed a written complaint with Cousins in accordance with Town's Land Management Ordinance (LMO) § 16–8–103(C). MAL Entertainment asked Cousins to investigate whether Island Cabaret had a valid special exception to operate an adult entertainment business at 130 Arrow Road in the Town and further asked Cousins to prevent Island Cabaret from operating an adult entertainment business until the necessary special exception was obtained.

When Cousins failed to respond to MAL Entertainment's complaint, MAL Entertainment and Connor Holdings commenced this action against Cousins and Island Cabaret. Appellants sought an injunction against Island Cabaret from establishing or reestablishing an adult entertainment use at 130 Arrow Road until Island Cabaret received a valid special exception as required by the LMO. They also sought a writ of mandamus requiring Cousins to exercise his authority in accordance with the LMO as it related to Island Cabaret's establishment and operation of an adult entertainment business.

After a hearing on the matter, the special referee found Connor Holdings and MAL Entertainment lacked standing and failed to exhaust their administrative remedies. He also determined Cousins properly complied with the LMO and properly construed the LMO to find Island Cabaret had a valid special exception. The special referee granted summary judgment in favor of Cousins and Island Cabaret.

## ISSUE

Did the special referee err in granting summary judgment to Cousins and Island Cabaret on the ground Appellants lacked standing?

## STANDARD OF REVIEW

A lower court may properly grant a motion for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), SCRCP; *Tupper v. Dorchester County*, 326 S.C. 318, 325, 487 S.E.2d 187, 191 (1997). In determining whether any triable issues of fact exist, the lower court must view the evidence and all reasonable inferences that may be drawn from the evidence in the light most favorable to the non-moving party. *Manning v. Quinn*, 294 S.C. 383, 385, 365 S.E.2d 24, 25 (1988). On appeal from an order granting summary judgment, the appellate court will review all ambiguities, conclusions, and inferences arising in and from the evidence in a light most favorable to the non-moving party below. *Osborne v. Adams*, 346 S.C. 4, 7, 550 S.E.2d 319, 321 (2001).

## LAW/ANALYSIS

Appellants argue the special referee erred in finding they lacked standing under LMO § 16–8–105. We disagree.

Standing to sue is a fundamental requirement in instituting an action. *Joytime Distribs. & Amusement Co. v. State*, 338 S.C. 634, 639, 528 S.E.2d 647, 649 (1999). LMO § 16–8–105 provides:

An adjacent or neighboring property owner who would be specially damaged by any violation may in addition to other remedies, institute injunction, mandamus, or other appropriate action or proceeding to prevent the unlawful erection, construction, reconstruction, alteration, conversion, maintenance, or use, or to correct or abate the violation, or to prevent the occupancy of the building, structure or land. This is in addition to the right of the Town to bring an enforcement action.

LMO § 16–8–105 plainly gives an adjacent or neighboring property owner the right to bring an enforcement action when the property owner is specially damaged by certain violations of the LMO. *See Overcash v. S.C. Elec. & Gas Co.*, 364 S.C. 569, 576, 614 S.E.2d 619, 622 (2005) ("The main factor in determining whether a statute creates a private cause of action is legislative intent.").

Connor Holdings owns the property located at # 1 Dunnagan's Alley and MAL Entertainment is its tenant. Therefore, MAL Entertainment, as a tenant, lacks standing under LMO § 16–8–105 to pursue this enforcement action.

 As a neighboring property owner, Connor Holdings may pursue this action if it is specially damaged. Special damages in a zoning enforcement action generally are the diminution in the value of the plaintiff's property due to the violating use. *See Momeier v. John McAlister, Inc.*, 203 S.C. 353, 359, 27 S.E.2d 504, 511 (1943) (finding a material depreciation in the value of the plaintiff's property constituted special damages in a zoning enforcement case); *Bell v. Bennett*, 307 S.C. 286, 295, 414 S.E.2d 786, 791–92 (Ct.App.1992); (finding the master-in-equity properly dismissed defendant's claim that plaintiff failed to comply with a zoning ordinance because defendant failed to plead or prove his property value was diminished by plaintiff's violating use). Connor Holdings, however, does not allege a diminution in the value of its property. Rather, Connor Holdings alleges, in an affidavit, its special damages include adverse affects to its economic and property interests and a transformation of its adult entertainment use from conforming to nonconforming due to Island Cabaret's operation.

Although this Court has not addressed whether a loss in profits due to competition constitutes special damages, the theory has been consistently rejected if increased competition is the sole basis for special damages. *See generally* 4 *Rathkopf's The Law of Zoning and Planning* § 63.34 (4th ed. 2005) ("[G]enerally, persons whose only complaint is that the rezoning or grant of special permit or variance would create competition with them in the conduct of their business have been held not to have standing to litigate the validity of the zoning action."); 1 Am.Jur. Proof of Facts 3d 495 § 7 (1988) (noting an owner of commercial property generally does not have standing if "special damages amount to a loss of business due to the position of the violating use as a competing business," but commercial property owner may be specially damaged if he "allege[s] adverse impact on his business other than by increased competition"). Yet, Connor Holdings asserts the loss of profits from increased competition in conjunction with the change of its use from conforming to nonconforming constitutes special damages based on *Skaggs–Albertson's v. ABC Liquors, Inc.*, 363 So.2d 1082 (Fla.1978).

In *Skaggs–Albertson's*, an owner of a liquor store objected to another liquor store's violation of the zoning regulations. The Florida Supreme Court acknowledged the general rule that "loss of business from a potential competitor ordinarily cannot provide the existing proprietor with the requisite standing." 363 So.2d at 1090. The Court then noted, although other businesses were subject to regulation, the alcoholic beverage industry was subject to stringent government regulation. The Court recognized the regulations restricted the number and proximity of liquor stores and the Court distinguished a liquor license, which is a form of property, from other types of licenses, which are not property. *Id.* Due to the unique regulation of the alcoholic beverage industry, the Court found the liquor store owner had standing on the basis of business competition. *Id.*

Connor Holdings' alleged special damages are distinguishable from those in *Skaggs–Albertson's*. Although Connor Holdings is subject to more regulations under the LMO if its use is nonconforming, Connor Holdings is not subject to the same type of stringent regulations as the liquor store owner in *Skaggs–Albertson's*. In addition, Connor Holdings has failed

to prove any adverse impact on its economic interests other than due to increased competition or to its property interests. We conclude Connor Holdings lacks standing to pursue this action because it failed to plead or prove any special damages. Rule 9(g), SCRCP ("When items of special damage are claimed, they shall be specifically stated."); *Sheek v. Lee*, 289 S.C. 327, 329, 345 S.E.2d 496, 497 (1986) ("Special damages must be alleged in the complaint to avoid surprise to the other party.").

## CONCLUSION

We affirm the special referee's dismissal of the action based on Appellants' lack of standing. Based on the foregoing, we need not address Appellants' remaining issues on appeal. *See Hagood v. Sommerville*, 362 S.C. 191, 199, 607 S.E.2d 707, 711 (2005) (appellate court need not address remaining issues when resolution of prior issue is dispositive).

**AFFIRMED.**

MOORE and PLEICONES, JJ., and Acting Justice EDWARD B. COTTINGHAM, concur.

TOAL, C.J., concurring in a separate opinion.

Chief Justice TOAL:

I concur in the result reached by the majority. I write separately, however, to address two curiosities in this case on the issue of standing.

In the federal courts, the requirements for what is commonly termed as "constitutional standing" have been relatively long-established. These requirements provide that in order to maintain a cause of action, (1) the plaintiff must have suffered an invasion of a legally protected interest (an "injury in fact") which is concrete and particularized, and actual or imminent; (2) there must be a causal connection between the plaintiff's injury and the conduct of which the plaintiff complains; and (3) it must be likely that the plaintiff's injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). We have used these boundaries of federal constitutional standing

to outline the requirements of the minimum a plaintiff must show in order to bring an action in a South Carolina court. *E.g., Sea Pines Ass'n for Prot. of Wildlife, Inc. v. S.C. Dep't of Natural Res.,* 345 S.C. 594, 601, 550 S.E.2d 287, 291 (2001) (citing *Lujan,* 504 U.S. at 559–61, 112 S.Ct. 2130).

I find the land management ordinance in this case interesting in two regards. First, I would interpret the ordinance's requirement that a neighboring landowner either sustain or be in danger of sustaining special damages as not bearing on the issue of standing. Instead, I would hold that the requirement of special damages goes to the substantive adequacy of the neighbor's claim. The federal courts have adopted a rule providing that when a statutory limitation is not expressly characterized as jurisdictional, courts should treat the restriction as non-jurisdictional in character. *See Arbaugh v. Y & H Corp.,* 546 U.S. 500, 515, 126 S.Ct. 1235, 1245, 163 L.Ed.2d 1097 (2006). I would follow their lead. Holding otherwise would require the neighbor in the instant case to effectively prove his case before he can go to court.

But this distinction reveals the second curiosity. In essence, the land management ordinance at issue in this case authorizes a neighboring property owner to bring a lawsuit to prevent any action which may inflict upon him "special damages." Failing to see how this ordinance does anything other than repeat the constitutional standing requirement of an "injury in fact," I would resolve the case on those grounds alone.