662 S.E.2d 580

**M. Cindy WILSON, Appellant,**

v.

**Joey PRESTON, Anderson County Administrator, Respondent.**

**No. 26497.**

Supreme Court of South Carolina.

Heard Jan. 23, 2008.

Decided June 2, 2008.

Jay Bender and Holly Palmer Beeson, both of Baker, Ravenel & Bender, L.L.P., of Columbia, for appellant.

William A. Coates, D. Randle Moody, II, and Ella Sims Barbery, all of Roe Cassidy Coates & Price, P.A., of Greenville, for respondent.

Robert E. Lyon, Jr., and M. Clifton Scott, both of the South Carolina Association of Counties, of Columbia, for Amicus Curiae.

Justice MOORE.

Appellant (Wilson), a member of the Anderson County Council (Council), filed a petition for writ of mandamus. She sought access to records pertaining to the operation of county government, including financial records and legal bills, which were in respondent's (Administrator), possession. Both parties subsequently filed motions for summary judgment. The Administrator's motion was granted. Wilson appealed to the Court of Appeals. We granted Wilson's motion to certify the appeal to this Court.

## FACTS

Anderson County operates under a Council–Administrator form of government. In this type of government, the Council is elected by the county's citizens and the Council employs an administrator who serves as the administrative head of the county government and is responsible for the administration of all departments over which the Council has control. S.C.Code Ann. § 4–9–610 and § 4–9–620 (1986).

The powers and duties of the administrator include: executing the policies, directives, and legislative actions of the council; preparing budgets for submission to the council and, in the exercise of that responsibility, having the authority to require such reports, estimates, and statistics on an annual or periodic basis as the administrator deems necessary from all county departments and agencies; preparing annual, monthly, and other reports for council on finances and administrative activities of the county; and performing such other duties as may be required by the council. S.C.Code Ann. § 4–9–630 (1986).

The Administrator was hired by the Council in 1996. Wilson, who was sworn into office in 2001, is one of seven members who comprise the Council. Since being sworn into office, Wilson has sought from the Administrator various financial records pertaining to the operation of county government. At the time of Wilson's 2005 deposition, she had received over 59,000 pages of documents from the Administrator. Wilson stated that she shares the information she receives from the Administrator with the media and the Anderson County Taxpayers Association.

In response to Wilson's requests, the Council adopted an ordinance in 2003 involving the prioritization of the Administrator's duties. Wilson was the lone dissenting vote. The ordinance states:

In performing the duties of his office, the Administrator shall be governed by the following prioritization of functions: those duties established by law or contract, by the Anderson County Code, by the South Carolina Code of Laws, by the Administrator's contract with the County; those duties required for the efficient and effective day-to-day operations and functioning of County government; other duties, as time permits after completion of the first two sets of priorities.

Specifically in regard to this appeal, Wilson sought vendor files where legal expenditures were described, an annual financial report, weekly copies of the general ledger report, and records containing information concerning details of transfers between accounts in excess of $2,500.

After determining the Administrator was failing to give her the documents in a timely and complete manner, Wilson sought a writ of mandamus that would allow her full access to all financial records pertaining to the operation of the county government. The trial court granted the Administrator's motion for summary judgment on the ground that the Administrator's duties in regard to the above documents are discretionary.

## ISSUES

I. Did the trial court err by ruling mandamus cannot issue to compel the Administrator to disclose financial records to a county council member?

II. Did the trial court err by ruling mandamus cannot issue to compel the Administrator to disclose to Wilson the narratives in the County's legal bills?

## DISCUSSION

■ A lower court may properly grant a motion for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), SCRCP; *Connor Holdings, LLC v. Cousins*, 373 S.C. 81, 644 S.E.2d 58 (2007). In determining whether any triable issues of fact exist, the lower court must view the evidence and all reasonable inferences that may be drawn from the evidence in the light most favorable to the non-moving party. *Id.*

The primary purpose of a writ of mandamus is to enforce an established right and to enforce a corresponding imperative duty created or imposed by law. *Riverwoods, LLC v. County of Charleston*, 349 S.C. 378, 563 S.E.2d 651 (2002). To obtain a writ of mandamus requiring the performance of an act, the petitioner must show: (1) a duty of respondent to perform the act; (2) the ministerial nature of the act; (3) the petitioner's specific legal right for which discharge of the duty is necessary; and (4) a lack of any other legal remedy. *Id.* Whether to issue a writ of mandamus lies within the sound discretion of the trial court, and an appellate court will not overturn that decision unless the trial court abuses its discretion. *Charleston County Sch. Dist. v. Charleston County Election Comm'n*, 336 S.C. 174, 519 S.E.2d 567 (1999). Mandamus is based on the theory that an officer charged with a purely ministerial duty can be compelled to perform that duty in case of refusal. *Id.*

The duties of public officials are generally classified as ministerial and discretionary (or quasi-judicial). *Redmond v. Lexington County Sch. Dist. No. Four*, 314 S.C. 431, 445 S.E.2d 441 (1994). The character of an official's public duties is determined by the nature of the act performed. *Long v. Seabrook*, 260 S.C. 562, 197 S.E.2d 659 (1973). The duty is ministerial when it is absolute, certain, and imperative, involving merely the execution of a specific duty arising from fixed and designated facts. *Redmond, supra.* It is ministerial if it is defined by law with such precision as to leave nothing to the exercise of discretion. *Id.* In contrast, a quasi-judicial duty requires the exercise of reason in the adaptation of means to an end, and discretion in determining how or whether the act shall be done or the course pursued. *Id.*

## I. Financial Records

██ In her complaint, Wilson alleged she has sought and repeatedly been denied copies of the annual financial report (GLR 153), and timely copies of the weekly general ledger reports (GLR 110).

Wilson's complaint regarding the GLR 153 was that she wanted to receive an unaudited version immediately at the end of the fiscal year. The Administrator informed her that the annual report was typically only run after the audit was completed and all required adjustments had been made due to the volume and cost associated with running the report. She was told she would be promptly provided with the report after all accounts were closed out and the external audit finalized. A finance department employee stated that an unaudited version of the report is not very relevant because certain items are overstated or understated. Wilson was given the 2004 GLR 153 in December 2004, after the audit was complete.

Regarding the GLR 110s, Wilson's complaint is that she receives them in bunches of four to six and she believes she is entitled to receive them weekly, *i.e.* immediately after the finance department completes them.

In his deposition, the Administrator stated that he provides Wilson with the GLR 110s as soon as he can. However, he noted that he likes to review them first so that he may anticipate Wilson's future inquiries. He stated that sometimes he did not have time to review them and so there would be a delay in delivery.

Wilson previously moved twice before Council that Council, as a body, instruct the Administrator to provide the ledger reports in a timely manner for their review. The motions died for lack of a second.

Wilson argues the trial court erred by ruling that a writ of mandamus cannot issue to compel the Administrator to disclose financial records to a county council member in a particular manner or time frame. She contends that the Administrator's duty to do so is ministerial and not discretionary.

We find that providing a council member with the county financial information in a particular time frame or manner are

discretionary actions on the Administrator's part. The law does not require the Administrator to give the documents to a single council member in any particular manner. *See* § 4–9–630 (outlining administrator's powers and duties); *Long v. Seabrook, supra* (duty is ministerial when it is absolute, certain, and imperative, involving merely the execution of a specific duty arising from fixed and designated facts). We emphasize the Administrator cannot deny a council member access to county financial documents.[1] However, here, the Administrator has not denied Wilson access to the documents. The Administrator, in his discretion, has delayed the delivery of some documents so that he may be able to respond to queries by Wilson. Further, the Council, acting as a whole with only Wilson dissenting, has enacted an ordinance prioritizing the Administrator's duties so as to ensure that the Administrator takes care of the County's business before fulfilling Wilson's requests. Additionally, the Council has twice declined to accept Wilson's motion to require the Administrator to produce documents in a timelier manner. Given all these circumstances, the Administrator's duty to deliver documents to Wilson is a quasi-judicial duty which requires the exercise of his discretion in determining how the act of delivering the documents shall be done. *See Redmond, supra* (quasi-judicial duty requires the exercise of discretion in determining how or whether the act shall be done or the course pursued).

Accordingly, the trial court did not err by ruling a writ of mandamus cannot issue to compel the Administrator to deliver the County's financial documents to Wilson in a particular manner or within a particular time frame.[2]

---

1. *See* S.C. Atty. Gen. Op. dated June 7, 2001 (2001 WL 790260); S.C. Atty. Gen. Op. dated September 23, 1997 (1997 WL 665446); S.C. Atty. Gen. Op. dated March 24, 1995 (1995 WL 803345); S.C. Atty. Gen. Op. dated August 18, 1983 (1983 WL 181974); S.C. Atty. Gen. Op. dated December 2, 1977 (1977 WL 24717).

2. The dissent disagrees with "the majority's decision that mandamus cannot issue to compel the Administrator to disclose financial information to a member of county council." However, this is not our holding. We reiterate the Administrator cannot deny a council member access to county financial documents. If such a denial occurs, issuing a writ of mandamus is clearly appropriate. However, in this case, the Administrator did not deny Wilson's requests for financial documents. Wilson's

## II. Legal Bill Narratives

██ In 2001, Wilson requested copies of the complete legal vendor files. She was given copies of the legal fees of the county's law firm summarized by fund. In 2003, Wilson was given a listing of general legal expenditures for the year 2002 through March 2003.

Wilson requested again in November 2003 for the complete vendor files. In response to this request, the Administrator sent a memorandum to all members of the Council. In this memo, he stated that Wilson's request for copies of vendor files "where legal expenditure questions are concerned" is attorney-client privileged information with the County being the client. The Administrator informed the Council that only the Council, acting as a corporate body, can authorize the release of those records to anyone, acting as an individual. He stated that if Council authorized and directed the release, then Wilson could have the records; otherwise, the records would not be released.

The next month, Wilson requested the legal expense files from 1997 to 2003. The Administrator responded and attached a summary of all of the County's law firm fees and expenses summarized by fiscal year. The amounts were categorized and she was also given a list of the check numbers and the dates. The Administrator emphasized that only the Council could authorize the release of narrative detail of those records.

In 2004, Wilson made a Freedom of Information Act request for the legal expense vendor files, including a narrative of billable hours supporting each payment. The Administrator gave Wilson the legal expense vendor files, with the narratives redacted. At the October 5, 2004, Council meeting, Wilson moved that Council, as a body, instruct the Administrator to provide the legal expense vendor files. The motion died for lack of a second.

---

argument is that the Administrator should be compelled to disclose the financial documents in a particular time frame and manner. We find that a writ of mandamus cannot issue to compel the Administrator to deliver the County's financial documents to Wilson in a particular manner or within a particular time frame.

At a subsequent Council meeting, the County's attorney made a presentation. He stated he is the legal adviser to the County and that the County is his client. The attorney stated the narrative descriptions at issue involved the County's legal strategy and that it is attorney-client privileged information. He stated only the Council acting for the County can release that information and the Administrator cannot waive that privilege.

The Administrator stated that when a request for a document is made, he consults with the County's legal counsel and asks whether it is attorney-client privileged information. His determination is based on legal advice he receives from the County's attorney.

In her deposition, Wilson agreed that the description of the legal work in the bills may reveal litigation strategy. Wilson admitted that if she was given the legal narratives and she saw something that was "silly," she would release the information to the public.

 Initially, Wilson argues the lower court erred by not reviewing the legal bill narratives *in camera* when making its decision. However, Wilson did not request that they be reviewed *in camera* below and she did not raise this argument until on appeal. In any event, the trial court was not required to actually review the legal bill narratives to determine if the privilege existed. We have held that the trial court must determine the question of privilege without first requiring disclosure of the substance of the communication. *State v. Doster,* 276 S.C. 647, 284 S.E.2d 218 (1981).[3] *See also Tucker v. Honda of South Carolina Mfg., Inc.,* 354 S.C. 574, 582 S.E.2d 405 (2003) (trial court should not require disclosure of attorney client communications to other parties without first determining whether the communications are privileged by inquiring into all the facts and circumstances of the communication; *if* necessary to determine the application of the privilege, the trial judge *may* consider, *in camera,* the material); *State v. Love,* 275 S.C. 55, 271 S.E.2d 110 (1980)[4] (whether a communication is privileged is for the trial judge to decide in

---

3. *Cert. denied,* 454 U.S. 1030, 102 S.Ct. 566, 70 L.Ed.2d 473 (1981).

4. *Cert. denied,* 449 U.S. 901, 101 S.Ct. 272, 66 L.Ed.2d 131 (1980).

the light of a preliminary inquiry into all of the facts and circumstances; and this determination is conclusive in the absence of an abuse of discretion). In the instant case, in light of the fact that Wilson never requested such an *in camera* review, the trial court did not abuse his discretion by determining the existence of the privilege without reviewing the narratives in the legal bills.

The attorney-client privilege is based upon a public policy that the best interest of society is served by promoting a relationship between the attorney and the client whereby utmost confidence in the continuing secrecy of all confidential disclosures made by the client within the relationship is maintained. *State v. Doster, supra.* The attorney-client privilege belongs to the client and not the attorney, and may be waived only by the client. *Tucker v. Honda of South Carolina Mfg., Inc., supra.* In general, the burden of establishing the privilege rests upon the party asserting it. *State v. Love, supra.*

Wilson argues the Administrator should not be making judgments about what is subject to the attorney-client privilege. However, when a request for a document is made, the Administrator consults with the County's attorney and asks whether it is attorney-client privileged information. The determination of what is privileged information is based on legal advice the Administrator receives from the County's attorney. Therefore, we find the Administrator is not making the determination but is relating the information he receives from the County's attorney to the Council when a request is made for possibly privileged documents.

Wilson, as a council member, cannot independently review attorney-client privileged documents. The privilege belongs to the client County; and the Council, as a whole, is authorized to release that information and has to waive the privilege before an individual council member can review privileged documents. *See* S.C.Code Ann. § 30–4–40(a)(7) (2007) (a public body may but is not required to exempt from disclosure the following information: correspondence or work products of legal counsel for a public body and any other material that would violate attorney-client relationships). The trial court did not abuse its discretion by finding a writ of mandamus cannot issue against the Administrator to compel

him to release information where the Council has not author-ized such a release. *See Redmond, supra* (quasi-judicial duty requires discretion in determining how or whether the act shall be done or the course pursued); *Charleston County Sch. Dist., supra* (appellate court will not overturn decision not to issue a writ of mandamus unless the trial court abuses its discretion).

## CONCLUSION

We find the trial court did not err by ruling a writ of mandamus cannot issue to compel the Administrator to deliver the county's financial documents to Wilson in a particular manner or within a particular time frame. We further find the trial court did not err by ruling a writ of mandamus cannot issue to compel the Administrator to release attorney-client privileged information without authorization by the client County. Accordingly, the decision of the trial court is

**AFFIRMED.**

WALLER, J., concurs.

TOAL, C.J., concurring in a separate opinion in which PLEICONES, J., concurs.

BEATTY, J., concurring in part and dissenting in part in a separate opinion.

Chief Justice TOAL.

Although I concur in the majority's decision to deny Appel-lant Wilson's petition for a writ of mandamus, I write sepa-rately because I believe that this dispute is not a proper matter for this Court's consideration. In seeking the disclo-sure of the financial records in such a particular form and manner, Appellant essentially asks the Court to delve into internal disputes among Anderson County Council members and to overturn the Council's decisions.[5] In my view, issues related to the propriety of Respondent's actions in this case present purely political questions, the resolution of which rests

---

5. For example, the Council declined Appellant's motion to compel Respondent to disclose the documents and the Council passed a specific ordinance prioritizing Respondent's job responsibilities.

solely within the Council's domain. In my opinion, any ruling from this Court would impermissibly operate as judicial review of the Council's policy decisions, and I would decline Appellant's request to intrude in this area. *See S.C. Pub. Interest Found. v. Judicial Merit Selection Commn.*, 369 S.C. 139, 142–43, 632 S.E.2d 277, 279 (2006) (observing that adjudication of nonjusticiable political questions would place a court in conflict with a coequal branch of government, and thus, a court will not rule upon questions which are political in nature rather than judicial). For these reasons, I would hold that this is a nonjusticiable political question and would therefore deny Appellant's request for a writ of mandamus.

PLEICONES, J., concurs.

Justice BEATTY.

I concur in part and dissent in part. I concur in the opinion of the majority that mandamus cannot issue to compel the Administrator to disclose attorney-client privileged information. However, my concurrence is limited to the facts of this case where Wilson admits that she would disclose the privileged information to the public at large. The privilege belongs to the Council, not Wilson.

In my view, an elected official by virtue of the office held has the inherent right of timely access to any and all information possessed by the governmental entity that he or she is duly elected to. To hold otherwise would condone the disenfranchisement of the people the elected official represents. The denial of information would clearly hinder, if not nullify, an elected official in the performance of his duties. Accordingly, I respectfully dissent in the majority's decision that mandamus cannot issue to compel the Administrator to disclose financial information to a member of county council.

Moreover, the Freedom of Information Act requires a governmental entity or other public body to disclose the type of financial information requested by Wilson. *See* S.C.Code Ann. § 30–4–30(a) (2007) (providing that any person has the right to copy or inspect a public record); S.C.Code Ann. § 30–4–50(A)(6) (2007) (defining as "public information" any "information in or taken from any account, voucher, or contract dealing with the receipt or expenditure of public or other funds by

362

public bodies"). This statutory requirement removes any discretion on the part of the public body. In this instance, the lack of discretion whether to disclose the requested information makes the disclosure ministerial in nature and subject to mandamus, but for the injunctive remedy provided by section 30–4–100. Further, the county ordinance prioritizing the duties of the Administrator is unavailing in its attempt to delay responding to a request for financial information of the sort at issue here. Section 30–4–30 allows only 15 days for a response to a request for information. If the request is granted (in this case it must be) the information must be available for review.