THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Ricky L. Murray, Appellant,
 v.
 Dawn Koffskey, Respondent.
 
 
 

Appeal From Greenville County
Edward W. Miller, Circuit Court Judge
Unpublished Opinion No.  2011-UP-056
Submitted February 1, 2011  Filed
 February 15, 2011
AFFIRMED

 
 
 
 Ricky L. Murray, pro se, for Appellant.
 Attorney General Alan Wilson, Chief Deputy Attorney General John
 W. McIntosh, and Assistant Attorney General Warren V. Ganjehsani, all of
 Columbia, for Respondent.
 
 
 

PER CURIAM:  Ricky L. Murray appeals the circuit
 court's denial of his petition for a writ of mandamus and dismissal of his
 action, arguing the circuit court erred in: (1) denying his request for a tape
 of the PCR hearing based on an impermissible form of hybrid representation; and
 (2) denying his petition for writ of mandamus.  Additionally, Murray contends
 his PCR appellate counsel was ineffective for failing to subpoena the court
 reporter for a copy of the tape.  We affirm.[1]  
1.  As to whether the circuit court
 erred in denying Murray's request for a tape of the PCR hearing based on an
 impermissible form of hybrid representation:  Murray made an invalid pro se
 request for the tape of the PCR hearing because the Office of Appellate Defense
 represented him at that time for purposes of his PCR appeal.  Because Murray
 was represented by counsel at the time of the request, any request for the tape
 was required to be made by counsel.  See State v. Stuckey, 333
 S.C. 56, 58, 508 S.E.2d 564, 564 (1998) ("[Because] there is no right to
 hybrid representation, substantive documents filed pro se by a person
 represented by counsel are not accepted unless submitted by counsel.").      
2.  As to whether the circuit court
 erred in denying Murray's petition for writ of mandamus:  Murray did not
 demonstrate he lacked a legal remedy to challenge the accuracy of the PCR
 transcript because he could have timely made a request through his appellate
 counsel under Rule 607(i), SCACR.  See Wilson v. Preston, 378
 S.C. 348, 354, 662 S.E.2d 580, 583 (2008) ("To obtain a writ of mandamus
 requiring the performance of an act, the petitioner must show: (1) a duty of
 respondent to perform the act; (2) the ministerial nature of the act; (3) the
 petitioner's specific legal right for which discharge of the duty is necessary;
 and (4) a lack of any other legal remedy.").  Accordingly, the circuit
 court correctly denied Murray's petition for writ of mandamus.
3.  As
 to whether Murray's PCR appellate counsel was ineffective for failing to
 subpoena the court reporter for a copy of the tape:  Murray's claims of ineffective
 assistance of counsel are better suited for post-trial conviction relief
 proceedings.  See State v. Carpenter, 277 S.C. 309, 309-10, 286
 S.E.2d 384, 384 (1982) (finding claims of ineffective assistance of counsel
 must be asserted under the Post-Conviction Relief  Act).     
AFFIRMED.
HUFF, SHORT, and PIEPER, JJ., concur. 

[1]  We decide this case without oral argument pursuant to
 Rule 215, SCACR.