FILED: June 19, 2018
AMENDED: June 28, 2018

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-1401
(9:15-cv-00304-DCN)

In re: MT. HAWLEY INSURANCE COMPANY,

Petitioner.

O R D E R

Pursuant to Rule 244 of the South Carolina Appellate Court Rules, we respectfully

certify the following question of law to the Supreme Court of South Carolina:

> Does South Carolina law support application of the "at issue" exception to
> the attorney-client privilege such that a party may waive the privilege by
> denying liability in its answer?

As we explain, we believe that there is no controlling precedent answering this

question in the decisions of the Supreme Court of South Carolina. Moreover, the answer

may be determinative of whether petitioner Mount Hawley Insurance Company ("Mount

Hawley") is entitled to a writ of mandamus vacating the district court's order to compel

the production of files that Mount Hawley asserts are protected by the attorney-client

privilege under South Carolina law.

# I.

Mount Hawley provided ContraVest Construction Company ("Contravest") with excess commercial liability insurance from July 21, 2003, to July 21, 2007. During that period, Contravest constructed the Plantation Point development in Beaufort County, South Carolina. In 2011 the Plantation Point Horizontal Property Regime Owners Association ("the Owners Association") sued Contravest for alleged defective construction of Plantation Point. Mount Hawley refused Contravest's demands to defend or indemnify Contravest in the suit, as Contravest contended was required by its insurance policies, and Contravest ultimately settled the case.

Contravest and the Owners Association subsequently sued Mount Hawley in South Carolina court, alleging bad faith failure to defend or indemnify, breach of contract, and unjust enrichment. Mount Hawley removed the case to the United States District Court for the District of South Carolina pursuant to 28 U.S.C. § 1441 (2012), and federal subject matter jurisdiction exists under 28 U.S.C. § 1332 (2012) based upon complete diversity of citizenship between the parties and damages alleged to be greater than $75,000.

During discovery, the plaintiffs sought production of, first, Mount Hawley's file on Contravest's claim for excess coverage relating to the Plantation Point suit, and later, Mount Hawley's files relating to all of Contravest's claims under its excess liability policies. *See* Fed. R. Civ. P. 26(b)(1), 34(a)(1)(A). Mount Hawley contended that these files contained material protected by the attorney-client privilege, and produced the files in redacted form with accompanying privilege logs. *See* Fed. R. Civ. P. 26(b)(5)(A).

2

The plaintiffs filed multiple motions to compel, arguing that Mount Hawley waived the attorney-client privilege as to these files. *See* Fed. R. Civ. P. 37(a)(3)(B)(iv). The district court adopted the recommendation of the magistrate judge, granted the motions to compel, and ordered Mount Hawley to produce the files for in camera inspection. *ContraVest Inc. v. Mt. Hawley Ins. Co.*, 273 F. Supp. 3d 607, 622-23 (D.S.C. 2017). The district court subsequently denied Mount Hawley's motion for reconsideration.[1] Mount Hawley then sought a writ of mandamus from this court to vacate the district court's order granting the motions to compel.

## II.

In its petition for a writ of mandamus, Mount Hawley challenges the district court's holding that the relevant files were not protected by the attorney-client privilege because Mount Hawley put them "at issue" in the case by denying liability for bad faith failure to defend or indemnify. Because this is a diversity action involving claims for which South Carolina law provides the rule of decision, South Carolina's law of attorney-client privilege applies. *See Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 285 n.5 (4th Cir. 2000); Fed. R. Evid. 501. In South Carolina the attorney-client privilege is defined as follows:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose (4) made in confidence (5) by the client, (6) are at his instance

---

[1] In its motion for reconsideration Mount Hawley asked the district court to certify four questions of law to the Supreme Court of South Carolina, but the district court declined to do so.

3

permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived.

*Tobaccoville USA, Inc. v. McMaster*, 387 S.C. 287, 293, 692 S.E.2d 526, 530 (2010). "In general, the burden of establishing the privilege rests upon the party asserting it." *Wilson v. Preston*, 378 S.C. 348, 359, 662 S.E.2d 580, 585 (2008).

In finding that the relevant files were not protected by South Carolina's attorney-client privilege, the district court relied on *City of Myrtle Beach v. United Nat. Ins. Co.*, No. 4:08-1183-TLW-SVH, 2010 WL 3420044 (D.S.C. Aug. 27, 2010) (unpublished). *City of Myrtle Beach* also involved a bad faith insurance suit under South Carolina law in which the insured sought to compel the insurer to produce the relevant claims file, and the insurer argued that the file contained material protected by the attorney-client privilege. *Id.* at *1-2. The district court adopted the approach articulated in *Hearn v. Rhay*, 68 F.R.D. 574 (E.D. Wash. 1975), as "consistent with established South Carolina law." *Id.* at *5. Applying *Hearn*, the district court found that

> there is no per se waiver of the attorney client privilege simply by a plaintiff making allegations of bad faith. However, if a defendant voluntarily injects an issue in the case, whether legal or factual, the insurer voluntarily waives, explicitly or impliedly, the attorney-client privilege. Thus "voluntarily injecting" the issue is not limited to asserting the advice of counsel as an affirmative defense. A party's assertion of a new position of law or fact may be the basis of waiver.

*Id.* (citation omitted).

Applying this definition of waiver, the court in *City of Myrtle Beach* found that "[f]or the purposes of the motion to compel, . . . the [insured] has presented a prima facie case of bad faith," and the insurer failed to meet its burden of establishing the absence of

4

waiver of the attorney-client privilege on account of the defenses asserted in its answer, including that the insurer acted reasonably and in good faith. *Id.* at \*7. The court noted that "[w]hile this ruling amounts to a virtual per se waiver of the privilege in this case, this result is based on the facts and issues presented by [the insurer] in its Answer and its failure to meet its burden as to the applicability of the privilege with this in mind." *Id.*

In the present case, the district court rejected Mount Hawley's argument that *City of Myrtle Beach* was inconsistent with South Carolina law in light of the fact that one member of the Supreme Court of South Carolina criticized the *Hearn* decision in a separate opinion concurring in part and dissenting in part. *See Davis v. Parkview Apartments*, 409 S.C. 266, 291-96, 762 S.E.2d 535, 549-51 (2014) (Pleicones, J., concurring in part and dissenting in part). The district court found "that the numerous decisions that have applied *City of Myrtle Beach* in this district provide stronger evidence [than the separate opinion in *Davis*] that the Supreme Court of South Carolina would adopt such an approach." *ContraVest*, 273 F. Supp. 3d at 616. The district court also concluded that this approach strikes the best balance between the "important policy goals of the attorney-client privilege . . . against the substantive interests underlying an insured bad faith claim." *Id.* (citation omitted).

Following the approach articulated in *City of Myrtle Beach*, the district court concluded that because the plaintiffs had established a prima facie case of bad faith failure to insure, and Mount Hawley in its answer denied bad faith liability, Mount Hawley waived the attorney-client privilege with respect to the attorney-client communications in the claim files, to the extent such communications are relevant under

5

Fed. R. Civ. P. 26.[2]  *Id.* at 611-23.  The court thus ordered Mount Hawley to produce the files for in camera review.  *Id.* at 623.

Mount Hawley contends, and we agree, that if South Carolina law does not support the "at issue" exception applied in *City of Myrtle Beach*, the district court's order granting the motions to compel was erroneous.  We have not found any South Carolina authority that appears to definitely answer this question, and believe the issue to be sufficiently debatable to warrant certification of the question to the Supreme Court of South Carolina.

## III.

Based on the foregoing, we respectfully request that the Supreme Court of South Carolina accept and answer the foregoing certified question, thereby providing the parties, the courts, future litigants, and the public with definitive guidance regarding the attorney-client privilege in South Carolina.

We direct the Clerk of Court to forward a copy of this order under official seal to the Supreme Court of South Carolina.

Entered at the direction of Judge Niemeyer with the concurrence of Judge Agee and Senior Judge Hamilton.

*QUESTION CERTIFIED*

---

[2] The district court noted that *City of Myrtle Beach* does not explicitly hold that a plaintiff in a bad faith insurance case must establish a prima facie case before being entitled to discover relevant attorney-client communications.  *ContraVest*, 273 F. Supp. 3d at 618-19.  The court explained, however, that unless *City of Myrtle Beach* is read to require such a prima facie showing, the rejection of the "per se waiver" rule would be meaningless.  *Id.* at 619.