23968

Ralph M. "Mike" McGEE, as Personal representative of the Estate of Donna L. McGee, Plaintiff-Respondent v. BRUCE HOSPITAL SYSTEM, Palmer Kirkpatrick, Jr., M.D., Alan Blaker, M.D., Reginald S. Bolick, M.D., and Joseph M. Pearson, M.D., both individually and Pee Dee Surgical Group, P.A., and Margaret E. Lee, M.D., individually and d/b/a Pee Dee Radiology Group, Defendants, of whom Palmer M. Kirkpatrick, Jr., M.D., Alan Blaker, M.D., Reginald S. Bolick, M.D., and Joseph M. Pearson, M.D., both individually and Pee Dee Surgical Group, P.A., are Petitioners.

(439 S.E. (2d) 257)

(Supreme Court

*Ernest J. Nauful, Jr.* and *Andrew F. Lindemann,* Columbia, *for petitioner Palmer M. Kirkpatrick, M.D.*

*David A. Brown* and *James E. Parham, Jr.,* Aiken, *for petitioner Alan Blaker, M.D.*

*Edwin P. Martin,* of *Turner, Padget, Graham & Laney,* Columbia, *for petitioners Reginald S. Bolick, M.D., Joseph M. Pearson, M.D.,* and *Pee Dee Surgical Group, P.A.*

*David W. Goldman, Diane M. Rodriquez* and *Terrell T. Horne,* of *Bryan, Bahnmuller, King, Goldman, and McElveen,* Sumter, *for respondent.*

*John B. McCutcheon, Jr.* and *Robin Morris,* both of *McCutcheon, McCutcheon & Baxter,* Conway, *for defendant Bruce Hosp. System.*

*William W. Doar, Jr.* of *McNair & Sanford, P.A.,* Georgetown, *for defendant Margaret E. Lee, M.D., individually* and *d/b/a Pee Dee Radiology Group.*

Heard Sept. 21, 1993.

Decided Dec. 13, 1993.

FINNEY, Justice:

This Court granted a writ of certiorari to consider the following question:

> Are credentialing files, clinical privileges, and the policies and procedures involved in the evaluation of medical staff immune from discovery under the terms of S.C. Code Ann. §§ 40-71-10 and -20 (Supp. 1992)?

The Underlying action involves a medical malpractice wrongful death claim. This matter is before the Court pursuant to the circuit court order granting the plaintiff's motion to compel and instructing the defendant Bruce Hospital System (Bruce Hospital) to produce the credentialing files and clinical privileges for each of the defendant physicians.

The plaintiff requested from Bruce Hospital 1) documentation delineating staff privileges, including but not limited to, applications for staff privileges and any proof of training or experience submitted in relation to an application for staff privileges; and 2) any and all medical staff monitoring and evaluation policies and procedures.

The defendant physicians contend that such documentation is protected by the confidentiality statute which provides immunity for:

> an appointed member of a committee of a medical staff or a licensed hospital, provided the medical staff operates pursuant to written bylaws that have been approved by the governing board of the hospital . . . for any act or proceeding undertaken or performed within the scope of the functions of the committee.

S.C. Code Ann. § 40-71-10(B) (Supp. 1992). Further, section 40-71-20 provides that:

> all proceedings of and all data and information acquired by the committee referred to in § 40-71-10 in the exercise of its duties are confidential. . . . These proceedings and documents are not subject to discovery, subpoena, or introduction into evidence in any civil action except upon

appeal from the committee action.

*Information, documents, or records which are otherwise available from original sources are not immune from discovery or use in a civil action merely because they were presented during the committee proceedings* nor shall any complainant or witness before the committee be prevented from testifying in a civil action as to matters of which he has knowledge apart from the committee proceedings or revealing such matters to third persons.

(Emphasis added.)

The trial judge found that the materials sought were discoverable and did not fall within the ambit of sections 40-71-10 and -20. The trial judge ruled that the applications for staff privileges and supporting documents of appropriate training were not protected since the statute does not protect information that is available from original sources. Further, the trial judge found that section 40-71-20 does not preclude the discovery of the policies and procedures for staff monitoring. The statute was interpreted by the trial judge as only protecting information generated or created by the committee.

We first conclude that the Executive Committee of the medical staff of Bruce Hospital constitutes a "committee of a medical staff of a licensed hospital" within the purview of section 40-71-10(B) to the extent the committee operates pursuant to the written bylaws approved by the hospital.

The overriding public policy of the confidentiality statute is to encourage health care professionals to monitor the competency and professional conduct of their peers to safeguard and improve the quality of patient care. *See State ex rel Shroades v. Henry,* 187 W.Va. 723, 421 S.E. (2d) 264 (1992). The underlying purpose behind the confidentiality statute is not to facilitate the prosecution of civil actions, but to promote complete candor and open discussion among participants in the peer review process. *Cruger v. Love,* 599 So. (2d) 111 (Fla.1992) We adopt the Florida Supreme Court's reasoning in *Cruger* that:

[t]he policy of encouraging full candor in peer review proceedings is advanced only if all documents considered by the committee . . . during the peer review or credentialing

process are protected. Committee members and those providing information to the committee must be able to operate without fear of reprisal. Similarly, it is essential that doctors seeking hospital privileges disclose all pertinent information to the committee. Physicians who fear that information provided in an application might someday be used against them by a third party will be reluctant to fully detail matters that the committee should consider.

*Id.*

We find that the public interest in candid professional peer review proceedings should prevail over the litigant's need for information from the most convenient source. *See Humana Hospital Desert Valley v. Superior Court*, 154 Ariz. 396, 742 P. (2d) 1382 (Ct. App. 1987); *Holly v. Auld*, 450 So. (2d) 217 (Fla. 1984); *Hollowell v. Jove*, 247 Ga. 678, 279 S.E. (2d) 430 (1981).

We interpret the legislative intent to protect not only documents generated by the committee, but also documents acquired by the committee in the course of its proceedings. The express language of the statute provides that "all proceedings of and all data and information *acquired* by the committee . . . are confidential." (Emphasis added.) Accordingly, we hold that the privilege provided by sections 40-71-10 and -20 protects all information, documents, or records acquired by the committee as part of its decision-making process. Thus, the physicians' applications for staff privileges and supporting documentation submitted to the committee are records of the committee for purposes of the statutory privilege.

The confidentiality statute provides that documents otherwise available from the original source do not become privileged merely because they are presented to the committee. We interpret the "otherwise available" language to mean that information that is available from a source other than the committee does not become privileged simply by being acquired by the review committee. Accordingly, the statute does not protect information if obtained from alternative sources. Hence, the plaintiff seeking discovery cannot obtain documents which are available from the original source

directly from the hospital committee, but may seek them from alternative sources. *See Cruger v. Love, supra.*

An important rule of statutory construction is that the Court must ascertain and effectuate the legislature's intent. *Burns v. State Farm Mut. Auto. Ins. Co.,* 297 S.C. 520, 377 S.E. (2d) 569 (1989). Having found that the legislature intended the confidentiality provision of section 40-71-20 to protect the proceedings, data, and information acquired by the medical review committee, we hold that the trial judge erred in ruling that the applications for staff privileges and supporting documents of appropriate training were not protected by the confidentiality statute.

Nonetheless, we conclude that section 40-71-20 does not preclude the discovery of the general policies and procedures for staff monitoring. The information contained in the written rules, regulations, policies, and procedures for the medical staff would not compromise the statutory goal of candid evaluation of peers in the medical profession.[1] *Willing v. St. Joseph Hospital,* 176 Ill. App. (3d) 737, 126 Ill. Dec. 197, 531 N.E. (2d) 824 (1988) (permitting discovery of written criteria or standards that must be satisfied in granting privileges).

Furthermore, we conclude that the privilege provided by section 40-71-20 protects documents acquired by the committee as part of its decision-making process. However, we find that the outcome of the decision-making process is not protected. Permitting discovery of the effect of the committee proceedings does not inhibit open discussion. *Anderson v. Breda,* 103 Wash. (2d) 901, 700 P. (2d) 737 (1985). In our view, the confidentiality statute was intended to protect the review process, but not restrict the disclosure of the result of the process. *See Willing v. St. Joseph Hospital, supra.* Accordingly, the plaintiff is entitled to a listing of clinical privileges either granted or denied by Bruce Hospital.

We reverse so much of the circuit court order as granted the plaintiff the right to discover credentialing files, including

---

[1] We note that the Chief Executive Officer of the Executive Committee has produced the general policies and procedures in the form of the Bylaws and Rules and Regulations of the Medical Staff used in conferring privileges to the Medical Staff.

physicians' applications for staff privileges and supporting documentation. We affirm so much of the circuit court order as granted the plaintiff the right to discover statements of clinical privileges and the general policies and procedures. The case is remanded for further proceedings consistent with this opinion.

Affirmed in part and reversed in part.

HARWELL, C.J., CHANDLER and TOAL, JJ., and BRUCE LITTLEJOHN, Acting Associate Justice, concur.