582 S.E.2d 405

**Carl B. TUCKER and Eleanor Tucker, Plaintiffs,**

**v.**

**HONDA OF SOUTH CAROLINA MANUFACTURING, INC., Pee Dee Electric Cooperative, Inc., Defendants,**

**of whom Pee Dee Electric Cooperative, Inc. is Petitioner,**

**and**

**Carl B. Tucker, Eleanor Tucker, and Honda of South Carolina Manufacturing, Inc. are, Respondents.**

No. 25657.

Supreme Court of South Carolina.

Heard April 3, 2003.
Decided June 2, 2003.

Pope D. Johnson, III, of McCutchen, Blanton, Rhodes & Johnson, of Columbia, for Petitioner.

Susan P. McWilliams, of Nexsen, Pruet, Jacobs & Pollard, of Columbia, for Respondent Honda of South Carolina Manufacturing, Inc.

J. Lewis Cromer, of Cromer & Mabry, of Columbia, for Respondents Carl B. Tucker and Eleanor Tucker.

JUSTICE BURNETT:

The Court of Appeals dismissed Pee Dee Electric Cooperative's ("Pee Dee") appeal as interlocutory. *See Tucker v. Honda of South Carolina Mfg., Inc.,* S.C. Ct.App. Order dated January 22, 2002. We granted a writ of certiorari and affirm.

## FACTS

Carl and Eleanor Tucker (the "Tuckers") deposed a former trustee of Pee Dee for a lawsuit against Pee Dee. Pee Dee objected to several questions based on attorney client privilege. The parties adjourned the deposition pursuant to Rule 30(d), SCRCP.

At a subsequent hearing, the trial court noted Pee Dee raised legitimate privilege concerns regarding communications between Pee Dee's board of trustees and legal counsel. To determine the exact nature of the representation and the applicability of the privilege, the court ordered the deposition of the former trustee under the following conditions: 1) the court would not limit the scope of questions; 2) Pee Dee could object on the record to any question; 3) the former trustee would answer all questions; 4) the court reporter would seal the deposition record and submit it to the trial court; and 5) the trial court would rule upon any objections and exclude any privileged information from the trial record. The trial judge, to protect the confidentiality of the proceeding, limited the attendance of the deposition to the deponent, the deponent's counsel, the counsels of record, and the court reporter.

Pee Dee appealed. The Court of Appeals dismissed the appeal as interlocutory.

## ISSUE

Did the Court of Appeals err by dismissing Pee Dee's appeal as interlocutory?

## DISCUSSION

Pee Dee asserts the Court of Appeals erred in dismissing its appeal because the trial court's order determined a substantial matter involving the merits of the case. We disagree.

 "Any intermediate judgment, order or decree in a law case involving the merits" may be appealed. S.C.Code Ann. § 14-3-330 (1976). The phrase "involving the merits" means the order "must finally determine some substantial matter forming the whole or a part of some cause of action or defense." *Mid–State Distributors, Inc. v. Century Importers, Inc.*, 310 S.C. 330, 426 S.E.2d 777 (1993).

Pee Dee advances three arguments for its contention that the order involved the merits of the case. First, Pee Dee argues any order affecting attorney client privilege should be found to automatically touch upon the merits of the case. Second, Pee Dee asserts the unique facts of the case make it necessary for an appellate court to review the order. Third, Pee Dee believes the order impermissibly requires counsel to violate the Rules of Professional Conduct.

 In addressing the Tuckers' first contention, we note an order compelling discovery does not ordinarily involve the merits of the case and may not be appealed. *See Ex parte Whetstone,* 289 S.C. 580, 347 S.E.2d 881 (1986). Since a contempt order is final in nature, an order compelling discovery may be appealed only after the trial court holds a party in contempt. *See Hooper v. Rockwell,* 334 S.C. 281, 513 S.E.2d 358 (1999). Thus, a party may comply with the order and waive any right to challenge it on appeal or refuse to comply with the order, be cited for contempt, and appeal. *See Ex parte Whetstone, supra.*

Pee Dee has not refused to comply with the order but appeals the mere issuance of the order. Pee Dee's appeal is interlocutory.

Second, Pee Dee expresses concern because the individual being deposed is a former trustee over whom Pee Dee has no formal control and who may disclose confidential communications without fear of reprisal.

 The attorney client privilege belongs to the client and may only be waived by him. *State v. Doster,* 276 S.C. 647, 650–51, 284 S.E.2d 218, 219 (1981). The privilege belongs to the corporation, not a trustee of the corporation. *See Commodity Futures Trading Comm'n v. Weintraub,* 471 U.S. 343, 105 S.Ct. 1986, 85 L.Ed.2d 372 (1985). The current corporation's management must decide whether to assert the privilege or relinquish it. *See id.* If Pee Dee asserts the privilege, the former trustee may not ignore such assertions. More importantly, Pee Dee's concern is not a particularly unique situation leading this Court to abandon its policy of denying interlocutory appeals.

Finally, Pee Dee argues the trial court's order may be appealed because it requires counsel to violate the Rule 1.2(a), (d) and Rule 1.4 of the Rules Professional Conduct, Rule 407 SCACR. We disagree.

Pee Dee believes barring the attendance of a company representative from and prohibiting counsel from divulging the contents of the deposition to anyone not attending the deposition requires the attorney to violate ethical duties to keep the client informed. The rules cited by Pee Dee, however, are intended to aid the attorney and client in understanding the scope of representation in terms of the objectives each party desires from the relationship. The requirement to keep a client informed does not supersede the lawyer's responsibility to comply with a specific court order to maintain the confidentiality of a deposition pending court review. The trial court's order does not impermissibly bar the lawyer from consulting with his client.

Although Pee Dee's appeal is interlocutory in nature, we believe it is to the benefit of the Bench and the Bar that we clarify the procedure for review of claims of attorney client privilege. In such situations a trial judge shall be guided by the procedure established in *State v. Doster, supra.*

In *Doster*, this Court found a trial court should not require the disclosure of attorney client communications to other parties without first determining whether the communications are privileged by inquiring into all the facts and circumstances of the communication. *Id.* Further, if necessary to determine the application of the privilege, the trial judge may consider, *in camera*, the questions sought to be asked and the responses which are contended to be subject to the privilege.

In the event such *in camera* hearing is necessary, the trial judge shall limit attendance as required to ensure protection of the communication in the event it is found to be entitled to the protection of the privilege.

**AFFIRMED.**

TOAL, C.J., MOORE, PLEICONES, JJ., and Acting Justice EDWARD B. COTTINGHAM, concur.