THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Danny R. Prince, Appellant,
 
 
 

v.

 
 
 
 Beaufort Memorial Hospital and its Employees, Servants and Agents, Respondent.
 
 
 

Appeal From Beaufort County
  Alexander S. Macaulay, Circuit Court Judge
Jackson V. Gregory, Circuit Court Judge
Curtis L. Coltrane, Master in Equity and Special Circuit Court Judge

Unpublished Opinion No. 2005-UP-602   
Heard October 12, 2005  Filed November 30, 2005
Withdrawn, Substituted, and Refiled April 11, 2006

REVERSED AND REMANDED

 
 
 
 Terry Wayne Yarbrough, of Beaufort, for Appellant.
 James S. Gibson, Jr., and Mary Bass Lohr, of Beaufort, for Respondent.
 
 
 

PER CURIAM:  Danny Prince appeals the trial courts denial of several motions in conjunction with his medical malpractice case against Beaufort Memorial Hospital.  We reverse and remand.
FACTS
Beaufort Memorial Hospital (the Hospital) admitted Prince on February 13, 1999, with job related injuries.  From that day until the night of February 17, Prince was a compliant patient who exhibited no signs of abnormal or psychotic behavior.  Sometime after 10:30 p.m. on February 17, Prince apparently experienced a psychotic hallucination in his hospital room.  
At 11:20 p.m., Hospital staff found Prince on the roof of the second floor with injuries to his ankles and head resulting from an apparent fall or jump from his fourth floor room.  Although Prince does not remember anything from the incident, including how he got out of his room or onto the roof, the window in his room showed signs of being forced open.  
Pat Foulger is the Hospitals Vice President and holds positions on many Hospital committees including the P.I. or Quality Assurance Committee (hereafter the Quality Assurance Committee).  The Quality Assurance Committee investigated the incident involving Prince.  Counsel for Prince requested a copy of the file created during the investigation.  The Hospital answered by providing a summary of expected witness testimony, but refused to turn over the file claiming it was protected under South Carolina Code Sections 40-71-10 & 20 (2001 & Supp. 2004).  The circuit court denied Princes motions to compel discovery of the complete file.  Following trial the jury returned a defense verdict.  Thereafter, Prince filed timely motions requesting a judgment notwithstanding the verdict (JNOV) and a new trial, which were denied.  
ISSUES

 
 I.  
 Was the trial court correct in ruling the Hospital’s Quality Assurance Committee file was confidential and thus, not subject to discovery under Section 40-71-10 & 20?  
 
 
 
 II.  
 Was the trial court correct in declining to entertain an in camera review of the alleged confidential committee file?
 

LAW/ANALYSIS
I.       Confidentiality
The Hospital claims that Sections 40-71-10 & 40-71-20 of the South Carolina Code protect the file in dispute.  Prince argues that the file was not protected because the Quality Assurance Committee did not meet the conditions of confidentiality as set out in Section 40-71-10.  Section 40-71-10 (a) states:

 Professional society as used in this chapter includes legal, medical, osteopathic, optometric, chiropractic, psychological, dental, accounting, pharmaceutic, and engineering organizations having as members at least a majority of the eligible licentiates in the area served by the particular society and any foundations composed of members of these societies. It also includes the South Carolina Law Enforcement Accreditation Council.

Further, Section 40-71-10 (b) provides immunity for:

 an appointed member of a committee of a medical staff of a licensed hospital, provided the medical staff operates pursuant to written bylaws that have been approved by the governing board of the hospital . . . for any act or proceeding undertaken or performed within the scope of the functions of the committee.

In this case the record shows that the Quality Assurance Committee operates pursuant to bylaws.  Prince argues no evidence was presented to show that a majority of the Committee members were licentiates.  However, Ms. Foulgers deposition testimony states that the Quality Assurance Committee has three medical staff members and three board members, one of which is a physician.  Ms. Foulger testifies that the committee is made up of about 50% licensed medical personnel.  
The plain language of Section 40-71-10 provides that a committee, acting pursuant to bylaws, at a hospital or in a medical field, will be exempt from tort liability.  The Hospitals Committee is the type described in Taylor v. Medenica, 324 S.C. 200, 213, 479 S.E.2d 35, 42 (1996).  In that case, Dr. Medenica claimed that there was a committee and its file was privileged.  The court acknowledged that a peer review committee file would be confidential, but found that the information used during trial came from an independent source.  Also, a similar committee has been held by our supreme court to be protected by Sections 40-71-10 & 20 in McGee v. Bruce Hospital System, 312 S.C. 58, 61, 439 S.E.2d 257, 259 (1993).  Therefore, we find that there was evidence that the committee in question met the specifications of Section 40-71-10.  
Section 40-71-20 provides in pertinent part:

 All proceedings of and all data and information acquired by the committee referred to in Section 40-71-10 in the exercise of its duties are confidential unless a respondent in the proceeding requests in writing that they be made public. These proceedings and documents are not subject to discovery, subpoena, or introduction into evidence in any civil action except upon appeal from the committee action. Information, documents, or records which are otherwise available from original sources are not immune from discovery or use in a civil action merely because they were presented during the committee proceedings nor shall any complainant or witness before the committee be prevented from testifying in a civil action as to matters of which he has knowledge apart from the committee proceedings or revealing such matters to third persons. 

Prince argues that no witnesses ever appeared before any committee.  While this assertion is true and reflected in the record, there is also evidence that Pat Foulger talked to witnesses in an informal setting, collected incident reports, and obtained statements from the hospital personnel involved in Princes incident.  The statute protects information that is acquired by a committee.  Section 40-71-20 does not require witnesses to appear before the whole committee in order to satisfy the confidentiality requirements.  
Prince was, however, entitled to documents recording the outcome of the quality assurance review pursuant to McGee.  See McGee, 312 S.C. 58, 63, 439 S.E.2d 257, 260 (1993) (holding the outcome of the decision-making process is not protected.).  Judge Gregory denied Prince this specific discovery request.  While this is error, it is not prejudicial error in light of the fact that the Hospital confirmed in their answers to interrogatories that no one was suspended, charged or cited with any violation of hospital rules, standards, laws, policy or procedures as a result of the [Prince incident].  
Sections 40-71-10 & 20 have been the subject of only a few cases on appeal.  The first one, the McGee case, was granted certiorari to the South Carolina Supreme Court in 1993 as a novel issue of law.  Following McGee, this issue was briefly considered in the Taylor case in 1996.  The last case dealing with Sections 40-71-10 and 20 is Durham v. Vinson, 360 S.C. 639, 602 S.E.2d 760 (2004).  McGee, Taylor, and Durham all involve medical malpractice claims seeking disclosure of the doctors applications for staff privileges, whereas this case involves an accident at the Hospital.  Nevertheless, the statute was written broadly enough to protect all proceedings and all information acquired by a committee during an investigation. 
The overriding public policy of the confidentiality statute is to encourage health care professionals to monitor the competency and professional conduct of their peers to safeguard and improve the quality of patient care.  See McGee 312 S.C. at ­­­­61, 439 S.E.2d at 259.  The Hospital in this case was investigating the Prince incident in order to monitor its own actions, and to take steps to further protect its patients.  Sections 40-71-10 & 20 provide safeguards to hospitals while conducting this exact type of investigation. 
II.      In Camera Review
Prince also argues that the trial judge erred in failing to review the committee file in camera.  The trial judge found the file was confidential and thus declined to review it.  After our review of the record, however, we feel the nature of this case demands an in camera review of the file.  Prince had no memory of the incident, and the only investigative body was the Hospital, a naturally biased entity.  In camera reviews should be used liberally to guard against even a mere possibility a miscarriage of justice will occur.  Therefore, it was error for the trial judge to decline to review the Hospitals Quality Assurance Committee file.[1]
On remand the circuit court shall conduct an in camera review of the committee file.  Using its discretion, the court shall decide whether the file warrants confidentiality.  If the circuit court determines that the file contains relevant evidence which is not protected by the confidentiality statute, then it shall declare a new trial.  Alternatively, if the circuit court determines that there is no relevant evidence in the committee file or that the file is entitled to the protections of the confidentiality statute, then the original denial of a new trial and JNOV motion would be affirmed.
Accordingly, the trial courts decision is
REVERSED AND REMANDED.
ANDERSON, HUFF and WILLIAMS, JJ., concur

[1] During the 2005 legislative session, the General Assembly amended Chapter 71, Title 40 of the 1976 Code by adding Section 40-71-30 which provides:

 When a party asserts a claim of confidentiality over documents pursuant to Section 40-71-20 and the party seeking the documents objects, the documents must be filed under seal with the circuit court having jurisdiction over the pending action and are subject to judicial review by the circuit court judge.  If the court determines that any of the documents are not subject to confidentiality pursuant to Section 40-71-20 and are otherwise discoverable, the court shall provide the documents to the requesting party.  In the event the court finds that a party acted unreasonably in unsuccessfully asserting the claim of confidentiality, the court shall assess attorneys fees against that party for any fees incurred by the requesting party in obtaining the documents.