THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The Estate of
 George King by and through Margaret Coe King as the Duly Appointed Personal
 Representative, Respondent,
 v.
 Richland County and Prison Health Services, Inc., Defendants,
 of whom Prison
 Health Services, Inc. is the Appellant.
 
 
 

Appeal From Richland County
 James R. Barber, Circuit Court Judge
Unpublished Opinion No. 2008-UP-274
Heard April 10, 2008  Filed May 21, 2008
DISMISSED

 
 
 
 Richard A. Harpootlian and Graham L. Newman, both of Columbia, for Appellant.
 J. Edward Bell, III, and C. Carter Elliott, Jr., both of Georgetown, for Respondent.
 
 
 

PER CURIAM:  Prison
 Health Services, Inc. (Prison Health) appeals from two discovery orders.  We
 dismiss the appeal as interlocutory.
FACTS
On January 5, 2004, the Estate of George King (the
 Estate) brought claims for negligence and wrongful death against Richland County.  On February 28, 2005, the complaint was amended to include Prison Health
 as a defendant.  The complaint alleged Richland County and Prison Health failed
 to provide adequate medical care to King after he was injured while
 incarcerated at the Alvin S. Glenn Detention Center in Richland County, and
 King died as a result.  At the time, Prison Health provided medical
 services for the Detention Center.
On September 26, 2005, the Estate sent Rule 30(b)(5)
 and 30(b)(6) deposition notices to Prison Health, including requests for the
 production of documents at the deposition.  Subsequently, Prison Health filed
 motions to quash portions of the deposition notices, and the Estate responded by
 filing a motion to compel Prison Health to produce the requested documents and
 answers.  Following a hearing, Judge Reginald Lloyd denied Prison
 Healths motions to quash, and granted the Estates motion to compel on January
 31, 2006.
The Estate attempted to move forward with the
 depositions; however, the Estate contended the information Prison Health
 provided did not meet the requirements of Judge Lloyds order and subsequently
 filed a motion to enforce the courts order.  On September 8, 2006, the matter
 was heard before Judge James R. Barber,[1] who requested the parties reach an agreement on the information to be provided
 by Prison Health; however, the parties were unable to agree.  Ultimately, Judge
 Barber issued an order granting the Estates motion.  Prison Health responded
 with a Rule 59(e) motion to alter or amend the order.  
On October 10, 2006, Judge Barber filed an amended order,
 as well as a qualified protective order.  The amended order required Prison
 Health to comply with Judge Lloyds initial order by providing all information
 and witnesses necessary to fully and completely respond to the Rule 30(b)(5)
 and 30(b)(6) deposition notices.  Additionally, the order required Prison
 Health to produce all materials by October 13, 2006.      
On October 20, 2006, Prison Health filed and served an
 amended notice of appeal.  Subsequently, the Estate responded by filing a motion
 to dismiss the appeal, which was denied with leave to argue the issue of appealability.
  In response, the parties filed briefs arguing both the issue of appealability
 as well as the merits of the appeal itself.    
LAW/ANALYSIS
The right of appeal arises from and is controlled by
 statutory law.  Ex parte Capital U-Drive-It, Inc., 369 S.C. 1, 6,
 630 S.E.2d 464, 467 (2006).  An appeal ordinarily may be pursued only
 after a party has obtained a final judgment.  Id.; S.C.Code Ann. §
 14-3-330 (1976); Rule 72, SCRCP; Rule 201(a), SCACR.  The determination of whether a party may immediately appeal
 an order issued before or during trial is governed primarily by S.C. Code Ann.
 § 14-3-330.  Ex parte Capital U-Drive-It, Inc., at 6, 630 S.E.2d
 at 467.  Absent a specialized statute, an order must fall into one of several
 categories set forth in Section 14-3-330 in order to be immediately
 appealable.  Id.  Courts in South Carolina have generally held that
 orders directing a party to participate in discovery are interlocutory and not
 directly appealable under section 14-3-330.  See, e.g., Ex
 parte Whetstone, 289 S.C. 580, 580, 347 S.E.2d 881, 881 (1986); Patterson
 v. Specter Broadcasting, 287 S.C. 249, 335 S.E.2d 803 (1985); Lowndes
 Products, Inc. v. Brower, 262 S.C. 431, 205 S.E.2d 184 (1974).
In an
 analogous case involving privileged information, the supreme court held a discovery
 order was not immediately appealable because an order compelling discovery
 does not ordinarily involve the merits of the case. Tucker v. Honda of South Carolina Mfg., Inc., 354 S.C. 574, 577, 582 S.E.2d 405, 406 (2003).  Furthermore,
 the court explained [s]ince a contempt order is final in
 nature, an order compelling discovery may be appealed
 only after the trial court holds a party in contempt. Id. at 577, 583 S.E.2d at 406-07.  Thus, a party may comply with the
 order and waive any right to challenge it on appeal or refuse to comply with
 the order, be cited for contempt, and appeal.  Id. at 577, 582 S.E.2d
 at 407.  
Notwithstanding
 the holdings of the cases above, Prison Health argues the order is appealable
 because 1) it requires the production of privileged and confidential material
 and 2) compliance with the order would prevent an appeal of the issues.  As
 explained in the Tucker case, Prison Health may appeal if it is
 held in contempt.  Furthermore, section 14-3-330(2)(a), which applies to orders
 affecting substantial rights which in effect determine[] the action and
 prevent[] a judgment from which an appeal might be taken or discontinues the
 action, does not apply to the present case. (emphasis added).  The limited civil
 cases in which section 14-3-330(2)(a) has been applied to discovery orders are
 distinguishable because in those cases the subject matter of the entire
 litigation was the protection of information; therefore, the discovery orders
 compelling the production of the information effectively determined the actions
 and ended the litigation as moot.  See, e.g., Knight Pub. Co.
 v. Univ. of South Carolina, 295 S.C. 31, 32, 367 S.E.2d 20, 21 (1988)
 (The appealed order allows discovery of documents that respondents ultimately
 seek disclosed as the subject of these FOIA actions. This order is directly
 appealable under S.C. Code Ann. § 14-3-330(2)(a) (1976) because it in effect
 determines the action and prevents an appealable judgment.), overruled on
 other grounds, Simpson v. Sanders, 314 S.C. 413, 445 S.E.2d 93 (1994).   
The
 discovery order in the instant case, however, does not effectively meet the
 requirements for immediate appealability.  The Estates causes of action for
 negligence and wrongful death are not so intimately associated with the
 production of the requested documents that the order itself determines the
 subject matter of the action.  Indeed, regardless of whether the documents are
 actually produced, the Estates action would proceed to further stages of the
 litigation. Therefore, section 14-3-330(2)(a) does not provide for immediate
 appeal of the order.  Prison Healths appeal is interlocutory and premature. 
 Since Prison Health has not refused to comply with the order and has not been
 found in contempt, the discovery order remains interlocutory and unappealable.  
Furthermore,
 the order about which Prison Health complains affords a mechanism by which
 Prison Health can seek additional protection for information believed to be
 protected under HIPPA or more stringent state law.  Judge Barbers order
 specifically states that all materials covered by HIPPA shall be produced
 without redaction unless required by HIPPA or a state statute which is more
 stringent than HIPPA.  Moreover, the order provides an additional opportunity
 to seek a subsequent court order if a determination is made that the
 information requested is additionally protected by state law.  Further, in the
 event Prison Health refuses to turn over information it deems protected, it
 will have the opportunity to show cause before the trial court why it is not in
 contempt.  Therefore, the discovery order at issue herein is not immediately appealable.[2]
Finally,
 any assertion that Judge Barber improperly enforced or altered Judge Lloyds
 order, or that a final order had not yet been issued by Judge Lloyd, does not
 convert this matter from an interlocutory order to a final order.
Accordingly,
 Prison Healths appeal is interlocutory and hereby
DISMISSED.
HEARN,
 C.J., PIEPER, J., and GOOLSBY, A.J., concur.

[1] In the time between Judge Lloyds initial order and
 the Estates motion, Judge Lloyd had left the bench.  
[2] In McGee v. Bruce Hospital System, 312 S.C. 58,
 439 S.E.2d 257 (1993), the Supreme Court reviewed on appeal a discovery order
 pertaining to the Peer Review Statute and that decision was relied upon by a
 panel of this court in Wieters v. Bon-Secours-St. Francis Xavier Hosp., Inc.,
 Op. No. 4374 (S.C. Ct. App. filed April 23, 2008) (Shearouse Adv. Sh. No. at 16
 at 75).  However, we find McGee distinguishable since that case was
 being reviewed by the Supreme Court pursuant to a writ of certiorari and any
 issue of the interlocutory nature of the order was not addressed.  Moreover, the
 discovery orders at issue in McGee and Wieters were unlike the
 order in the case sub judice which clearly allowed for the withholding of HIPPA
 information further protected by state law and additionally provided for
 further court review if necessary to obtain such information.  The open-ended
 nature of the order herein clearly makes it interlocutory.