**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

D&C Builders, Inc., Appellant,

v.

Richard M. Buckley and Wells Fargo National Association, Defendants,

Richard M. Buckley, Third-Party Plaintiff,

v.

Scott Dodenhoff, Third-Party Defendant,

Of whom Richard M. Buckley is the Respondent.

Appellate Case No. 2013-001645

Appeal from Greenville County
Edward W. Miller, Circuit Court Judge

Unpublished Opinion No. 2016-UP-184
Heard October 14, 2015 – Filed April 20, 2016

**APPEAL DISMISSED**

Harold Stewart James, of Babb & Brown, PC, of

Greenville, and Brian A. Martin, of Brian A. Martin, LLC, of Greer, for Appellant.

M. Stokely Holder, of Kenison Dudley & Crawford, LLC, of Greenville, for Respondent.

---

**PER CURIAM:** D&C Builders, Inc. (D&C Builders) appeals the order of the trial court directing it to submit to the court and opposing counsel a privilege log containing the specific information and knowledge it contends Richard M. Buckley's counsel acquired through their prior representation of D&C Builders. D&C Builders argues the trial court erred in ordering it to reveal confidential information to substantiate the disqualification of opposing counsel, refusing to grant an injunction preventing opposing counsel from accessing the confidential information D&C Builders was ordered to supply, and failing to disqualify opposing counsel. We dismiss the appeal.

1. First, we question whether an actual controversy still exists as to disclosure of the confidential information in a privilege log. At oral argument, D&C Builders indicated it was not opposed to disclosing the information to the trial court in camera and only contested providing the information to Buckley. Buckley stated in his brief and at oral argument he conceded to the relief requested by D&C Builders on this issue.

2. In any event, we find the trial court's order is not immediately appealable. *See Ex parte Capital U-Drive-It, Inc.*, 369 S.C. 1, 6, 630 S.E.2d 464, 467 (2006) ("The determination of whether a party may immediately appeal an order issued before or during trial is governed primarily by [section 14-3-330 of the South Carolina Code (1976 & Supp. 2015)]."); *id.* ("An appeal ordinarily may be pursued only after a party has obtained a final judgment."). The trial court's order does not involve the issuance or denial of an injunction. *See Injunction*, *Black's Law Dictionary* (6th ed. 1990) (defining "injunction" as a "prohibitive, equitable remedy issued or granted by a court at the suit of a party complainant, directed to a party defendant in the action . . . forbidding the latter from doing some act which he is threatening or attempting to commit, or restraining him in the continuance thereof, such act being unjust and inequitable, injurious to the plaintiff, and not such as can be adequately redressed by an action at law"). Rather, as D&C Builders admitted at oral argument, the trial court's order is akin to a discovery order, which generally is not directly appealable. *See Wieters v. Bon-Secours-St. Francis Xavier Hosp., Inc.*,

381 S.C. 332, 333, 673 S.E.2d 417, 418 (2009) (stating "an order compelling discovery is not immediately appealable even if it is challenged as violating the attorney-client privilege"); *Tucker v. Honda of S.C. Mfg., Inc.*, 354 S.C. 574, 577, 582 S.E.2d 405, 406-07 (2003) ("Since a contempt order is final in nature, an order compelling discovery may be appealed only after the trial court holds a party in contempt."); *id.* at 577, 582 S.E.2d at 407 ("Thus, a party may comply with the order and waive any right to challenge it on appeal or refuse to comply with the order, be cited for contempt, and appeal.").  Furthermore, even if the trial court's order could be construed as denying the motion to disqualify Buckley's counsel, such an order is not immediately appealable.  *See EnerSys Del., Inc. v. Hopkins*, 401 S.C. 615, 619, 738 S.E.2d 478, 480 (2013) (holding "an order denying a motion to disqualify an attorney is not immediately appealable").

**APPEAL DISMISSED.**

**HUFF, A.C.J., and WILLIAMS and THOMAS, JJ., concur.**