**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Estate of Barbara Owens, by and through her Personal Representative, Mary Jane McCraw, Individually and on behalf of Statutory Beneficiaries, Respondent,

v.

Fundamental Clinical and Operational Services, LLC; Fundamental Administrative Services, LLC,; THI of South Carolina, LLC; THI of South Carolina at Spartanburg, LLC d/b/a Magnolia Manor-Spartanburg, Appellants.

Appellate Case No. 2020-001107

———

Appeal From Spartanburg County
J. Mark Hayes, II, Circuit Court Judge

———

Unpublished Opinion No. 2023-UP-272
Submitted June 1, 2023 – Filed July 19, 2023

———

**AFFIRMED IN PART AND DISMISSED IN PART**

———

Stephen Lynwood Brown, Russell Grainger Hines, Donald Jay Davis, Jr., all of Clement Rivers, LLP, of Charleston, for Appellants.

Gary W. Poliakoff and Raymond Paul Mullman, Jr., both of Poliakoff & Assoc., PA, of Spartanburg; Whitney

Boykin Harrison, of McGowan Hood Felder & Phillips, of Columbia; Patrick E. Knie, of Knie & Shealy Attorneys at Law, of Spartanburg; and Edward John Waelde, of Greenville, all for Respondent.

_____

**PER CURIAM:**  Fundamental Clinical and Operational Services, LLC; Fundamental Administrative Services, LLC; THI of South Carolina, LLC; and THI of South Carolina at Spartanburg, LLC d/b/a Magnolia-Manor Spartanburg (the Facility; collectively, Appellants) appeal the circuit court's denial of their motion to compel arbitration on the wrongful death and survival actions of the Estate of Barbara Owens, by and through her personal representative, Mary Jane McCraw, individually and on behalf of statutory beneficiaries (the Estate).  They also appeal the circuit court's confidentiality order concerning discovery (Confidentiality Order).  Appellants argue (1) the circuit court erred in denying the motion to compel arbitration and, in turn, the motions to stay; (2) the circuit court erred in rejecting their merger argument; (3) in the alternative to the first two arguments, the circuit court erred in denying Appellants' alternative request for limited discovery; and (4) the circuit court erred in entering the Confidentiality Order.  We affirm in part and dismiss in part.

1.  We hold the circuit court did not err in denying the motion to compel arbitration because the admission agreement and the arbitration agreement did not merge.  *See Zabinski v. Bright Acres Assocs.*, 346 S.C. 580, 596, 553 S.E.2d 110, 118 (2001) ("The question of the arbitrability of a claim is an issue for judicial determination, unless the parties provide otherwise."); *New Hope Missionary Baptist Church v. Paragon Builders*, 379 S.C. 620, 625, 667 S.E.2d 1, 3 (Ct. App. 2008) ("Appeal from the denial of a motion to compel arbitration is subject to de novo review"); *Stokes v. Metro. Life Ins. Co.*, 351 S.C. 606, 609-10, 571 S.E.2d 711, 713 (Ct. App. 2002) ("However, the circuit court's factual findings will not be overruled if there is any evidence reasonably supporting them."); *Wilson v. Willis*, 426 S.C. 326, 335, 827 S.E.2d 167, 172 (2019) ("Whether an arbitration agreement may be enforced against a nonsignatory to the agreement is a matter subject to de novo review by an appellate court."); *Coleman v. Mariner Health Care, Inc.*, 407 S.C. 346, 355, 755 S.E.2d 450, 455 (2014) (concluding that by their own terms, language in the admission agreement that "recognize[d] the 'separatedness' of [the arbitration agreement and the admission agreement]" and a clause allowing the arbitration agreement to "be disclaimed within thirty days of signing while the admission agreement could not" indicated the parties' intention "that the common law doctrine of merger not apply"); *Hodge v. UniHealth Post-Acute Care of Bamberg,*

*LLC*, 422 S.C. 544, 562-63, 813 S.E.2d 292, 302 (Ct. App. 2018) (determining an admissions agreement and arbitration agreement did not merge because the fact "the [a]dmission [a]greement indicated it was governed by South Carolina law, whereas the [a]rbitration [a]greement stated it was governed by federal law[,]" "each document was separately paginated and had its own signature page[,]" and "the [a]rbitration [a]greement stated signing it was not a precondition to admission" evidenced the parties' intention that the documents be construed as separate instruments).  Here, as in *Coleman*, the plain language of the arbitration agreement and the admission agreement indicated the two agreements were to be considered separate from one another.  Here, as in *Hodge*, (1) the two agreements were governed by different bodies of laws because the admission agreement was governed by state law and the arbitration agreement was governed by federal law; (2) each document was separately labeled, numbered, and contained its own signature page; and (3) both parties agreed that signing the arbitration agreement was not a prerequisite to admission.  Thus, we affirm the circuit court's denial of the motion to compel arbitration.

Because we find the documents did not merge, we need not address Appellants' equitable estoppel argument, and we also dismiss as moot their appeal of  the circuit court's denial of the motion to stay.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not address remaining issues when its resolution of a prior issue is dispositive); *Coleman*, 407 S.C. at 356, 755 S.E.2d at 455 ("Since there was no merger here, appellants' equitable estoppel argument was properly denied by the circuit court."); *Hodge*, 422 S.C. at 563, 813 S.E.2d at 302 (concluding "equitable estoppel would only apply if documents were merged").

2. We hold the circuit court did not err in denying Appellants' request to conduct limited discovery to question McCraw concerning her alleged apparent authority to bind Owens to arbitration.  McCraw's testimony alone could not establish she had apparent authority to act on Owens's behalf because apparent agency relies on the actions and representation of the principal, not the agent.  *See Hodge*, 422 S.C. at 577, 813 S.E.2d at 310 ("[A]n agency may not be established solely by the declarations and conduct of an alleged agent." (alteration in original) (quoting *Frasier v. Palmetto Homes of Florence, Inc.*, 323 S.C. 240, 245, 473 S.E.2d 865, 868 (Ct. App. 1996))); *Thompson v. Pruitt Corp.*, 416 S.C. 43, 54-55, 784 S.E.2d 679, 686 (Ct. App. 2016) ("Either the principal must intend to cause the third person to believe that the agent is authorized to act for him, or he should realize that his conduct is likely to create such belief." (quoting *Froneberger v. Smith*, 406 S.C. 37, 47, 748 S.E.2d 625, 630 (Ct. App. 2013))); *Snell v. Parlette*, 273 S.C. 317,

322-23, 256 S.E.2d 410, 412-13 (1979) (holding the testimony of the purported agent that she was acting as the agent of her ten nonresident relatives when she signed a listing agreement was entitled to some weight, but was "insufficient without more to establish an agency relationship"); *Hodge*, 422 S.C. at 578, 813 S.E.2d at 310 (holding that because apparent agency involved the patient's representations to the nursing facility, the deposition of the patient's husband, who signed the admission and arbitration agreements, would not add anything to that determination).

3.  We dismiss Appellants' appeal of the Confidentiality Order because it is a discovery order and, therefore, not immediately appealable.  *See Tucker v. Honda of S.C. Mfg., Inc.*, 354 S.C. 574, 577, 582 S.E.2d 405, 406 (2003) ("[A]n order compelling discovery does not ordinarily involve the merits of the case and may not be appealed."); *id.* at 577, 582 S.E.2d at 406-07 ("Since a contempt order is final in nature, an order compelling discovery may be appealed only after the trial court holds a party in contempt."); *id.* at 577, 582 S.E.2d at 407 ("Thus, a party may comply with the order and waive any right to challenge it on appeal or refuse to comply with the order, be cited for contempt, and appeal.").  The possibility of disclosure of confidential information pursuant to a Confidentiality Order does not make the order immediately appealable.  *See Wieters v. Bon-Secours-St. Francis Xavier Hosp., Inc.*, 381 S.C. 332, 332-33, 673 S.E.2d 417, 418 (2009) (vacating this court's review of a discovery order that may have resulted in the disclosure of confidential information because the order was not immediately appealable); *Tucker*, 354 S.C. at 577, 582 S.E.2d at 406-07 (holding an order compelling discovery is not immediately appealable even when it may result in the disclosure of confidential communications).  Additionally, Appellants' opposition to the Confidentiality Order did not transform a discovery issue into an injunction.  *See Richardson v. Halcyon Real Estate Servs.*, Op. 5981 (S.C. Ct. App. Apr. 19, 2023) (Howard Adv. Sh. No. 15 at 84, 89) (rejecting appellant's argument that a discovery sanctions order was immediately appealable because the circuit court's prohibition on conduct in violation of Rule 30(j)(8), SCRCP, was in the nature of an injunction).  Furthermore, we decline to accept the appeal of the Confidentiality Order with the appeal of the denial of the motion to compel arbitration because the issues Appellants raise concerning the Confidentiality Order do not have a sufficient nexus to the appeal of the arbitration order.  *See Hodge*, 422 S.C. at 575 n.9, 813 S.E.2d at 309 n.9 (noting that while discovery orders generally are not immediately appealable, "courts may accept appeals of interlocutory orders not ordinarily immediately appealable when appealed with a companion issue proper for review but not when the issues appealed lack a sufficient nexus").

**AFFIRMED IN PART AND DISMISSED IN PART.**[1]

**WILLIAMS, C.J., and GEATHERS and VERDIN, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.