**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Greg Marcus Simmons and Jermaine Robinson, both individually and derivatively on behalf of Simmons Family Holdings, LLC, a South Carolina Limited Liability Company, Respondents,

v.

Palmer E. Simmons, individually and as Trustee of the Charles E. Simmons, Jr. and Rosa G. Simmons Revocable Trust dated May 5, 2016, and Charlesetta S. Aiken, Appellants,

and

Simmons Family Holdings, LLC, as a nominal Defendant.

Appellate Case No. 2021-000375

———

Appeal From Beaufort County
R. Lawton McIntosh, Circuit Court Judge

———

Unpublished Opinion No. 2024-UP-194
Heard March 7, 2024 – Filed May 29, 2024

———

**AFFIRMED IN PART AND DISMISSED IN PART**

———

Ian S. Ford and Ainsley Fisher Tillman, both of Ford
Wallace Thomson LLC, of Charleston; and Mark S.
Berglind, of Vaux Marscher Berglind, P.A., of Bluffton,
all for Appellants.

Ehrick K. Haight, Jr. and Stacey Studley Collins, both of
Minor Haight & Arundell, PC, of Hilton Head Island;
and Thomas J. Rode, of Thurmond Kirchner & Timbes,
P.A., of Charleston, all for Respondents.

**PER CURIAM:**  In this civil matter, Palmer Simmons, individually and as the Trustee of the Charles E. Simmons, Jr. (Decedent) and Rosa G. Simmons Revocable Trust (the Trust), and Charlesetta Aiken (collectively, Children) appeal the circuit court's orders (1) partially granting summary judgment to Greg Marcus Simmons (Marcus) and Jermaine Robinson (collectively, Grandchildren) and denying summary judgment to Children and (2) granting Grandchildren's motion to compel discovery.  We affirm in part and dismiss in part.[1]

1. As to whether the circuit court erred in granting Grandchildren summary judgment on their request for declaratory relief, Children contend the 2015 amendment to the articles of incorporation fails to comply with the requirements of section 3.1 in the operating agreement and, thus, the circuit court erred in finding, as a matter of law, that Grandchildren were members of Simmons Family Holdings, LLC (SFH) since 2015.  Because Children, as co-managers of SFH, and Palmer, in his capacities as personal representative of Decedent's estate and trustee for the Trust, operated as if Grandchildren were members of SFH and failed to challenge the validity of their membership until this action was filed in 2019, we hold Children have waived any challenge to assert that the Trust is the sole owner of SFH or that they are members.  *See Sanford v. S.C. State Ethics Comm'n*, 385

---

[1] *See Loflin v. BMP Dev., LP*, 427 S.C. 580, 588, 832 S.E.2d 294, 298–99 (Ct. App. 2019) (providing that appellate courts review a grant of summary judgment under the same standard applied by the circuit court under Rule 56(c), SCRCP), *aff'd as modified on other grounds*, 432 S.C. 246, 851 S.E.2d 713 (2020); *Kitchen Planners, LLC v. Friedman*, 440 S.C. 456, 459, 892 S.E.2d 297, 299 (2023) ("Rule 56(c) of the South Carolina Rules of Civil Procedure provides that the moving party is entitled to summary judgment 'if the [evidence before the court] show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" (quoting Rule 56, SCRCP)).

S.C. 483, 496, 685 S.E.2d 600, 607 (2009) ("A waiver is a voluntary and intentional abandonment or relinquishment of a known right."), *opinion clarified by* 386 S.C. 274, 688 S.E.2d 120 (2009).  Further, if Children believed Grandchildren were receiving distributions that belonged to the Trust or themselves as the rightful shareholders of SFH, then their acquiescence to Grandchildren's perceived status as members estops them from attacking the validity of the 2015 amendment.  *See S. Dev. Land & Golf Co. v. S.C. Pub. Serv. Auth.*, 311 S.C. 29, 33, 426 S.E.2d 748, 751 (1993) ("Silence, when it is intended, or when it has the effect of misleading a party, may operate as equitable estoppel."); *id.* ("There is no requirement that the person whose silence misleads another have actual knowledge of the true facts if circumstances are such that knowledge is necessarily imputed to him."); *Queen's Grant II Horizontal Prop. Regime v. Greenwood Dev. Corp.*, 368 S.C. 342, 358, 628 S.E.2d 902, 911 (Ct. App. 2006) ("[I]t is a well-established principle in South Carolina that estoppel by silence arises when one party observes another dealing with his property in a manner inconsistent with his rights and makes no objection while the other party changes his position based on the party's silence."); *see also Miller on Behalf of Grand Strand Diversified, Inc. v. Gandee*, 285 S.C. 174, 177, 328 S.E.2d 482, 484 (Ct. App. 1985) (holding a shareholder who was a former manager of the company was estopped from attacking the validity of the company's assignment of a lease when his conduct acquiesced to the sale).

Alternatively, Children maintain the circuit court improperly found Grandchildren were members of SFH because a genuine issue of material fact existed as to the identities and ownership interests of SFH's members.  In opposition to Grandchildren's motion for summary judgment, Children filed sworn affidavits and excerpts of depositions from prior, unrelated cases involving SFH.  Children assert the circuit court improperly excluded Decedent's deposition testimony from a prior, unrelated case, which bolstered their contention that a genuine issue of material fact existed.  Children's argument regarding the exclusion of Decedent's testimony is without merit because the record contains no ruling by the circuit court on the issue.  At the hearing, Grandchildren raised their objection to the admission of Decedent's prior testimony, and the circuit court took the matter under advisement.  In its order granting partial summary judgment, the court noted Grandchildren's objection but, again, failed to specify a ruling on the matter.  Although Children filed a Rule 59(e), SCRCP, motion, the circuit court issued a Form 4 order denying their motion, without noting any specific findings, and stating that a formal order would not follow unless requested by a party.  No subsequent order is included in the record.  Therefore, there is no finding for this court to review, and nothing in the order indicates the court failed to consider the evidence.  In fact, at the

beginning of the order, the court states, "Upon reviewing the verified pleadings, the record, the affidavits, and memoranda submitted, including the deposition excerpts . . . , the Court finds . . . ." *See Staubes v. City of Folly Beach*, 339 S.C. 406, 412, 529 S.E.2d 543, 546 (2000) ("Without an initial ruling by the trial court, a reviewing court simply would not be able to evaluate whether the trial court committed error."). Furthermore, Children base their arguments on the position that they have presented a mere scintilla of evidence to raise a question of fact. "[T]he 'mere scintilla' standard does not apply under Rule 56(c)." *Kitchen Planners, LLC v. Friedman*, 440 S.C. 456, 463, 892 S.E.2d 297, 301 (2023). Based on the evidence in the record, we find Children failed to create a reasonable inference that Grandchildren were not members of SFH. Thus, we hold granting partial summary judgment to Grandchildren was proper. *See McMaster v. Dewitt*, 411 S.C. 138, 143, 767 S.E.2d 451, 453–54 (Ct. App. 2014) ("[I]t is not sufficient for a party to create an inference that is not reasonable or an issue of fact that is not genuine." (quoting *Town of Hollywood v. Floyd*, 403 S.C. 466, 477, 744 S.E.2d 161, 166 (2013))).

2. Children assert the circuit court improperly granted partial summary judgment to Grandchildren on their claim for monies had and received because they are not members of SFH. Because we affirm the circuit court's holding that Grandchildren are members of SFH, we decline to address this issue. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining issues when its determination of a prior issue is dispositive).

3. Children contend the circuit court erred in granting Grandchildren's motion to compel discovery. As clearly defined by our precedent, the circuit court's order granting the motion to compel is interlocutory. Therefore, Children cannot immediately appeal the order, and this portion of their appeal must be dismissed. *See Grosshuesch v. Cramer*, 377 S.C. 12, 30, 659 S.E.2d 112, 122 (2008) ("[D]iscovery orders, in general, are interlocutory and are not immediately appealable because they do not, within the meaning of the appealability statute, involve the merits of the action or affect a substantial right."); *Ex parte Wilson*, 367 S.C. 7, 13, 625 S.E.2d 205, 208 (2005) (noting that "an order denying or compelling pretrial discovery is not directly appealable since it is an intermediate or interlocutory decision"); *Tucker v. Honda of S.C. Mfg., Inc.*, 354 S.C. 574, 582 S.E.2d 405 (2003) (holding an order compelling discovery is not immediately appealable even if it is challenged as violating the attorney-client privilege); *Davis v. Parkview Apartments*, 409 S.C. 266, 280, 762 S.E.2d 535, 543 (2014) ("[T]o challenge the specific rulings of the discovery orders, the normal course is to

refuse to comply, suffer contempt, and appeal from the contempt finding.").

**AFFIRMED IN PART AND DISMISSED IN PART.**

**WILLIAMS, C.J., and KONDUROS and GEATHERS, JJ., concur.**